Piland v. Piland

REGINALD G. PILAND v. JAMES R. PILAND AND WIFE, MARGARET
L. PILAND; CALVIN R. PILAND, WIDOWER; JOHN E. PILAND
AND WIFE, MAE W. PILAND; MARY LOU PILAND GRIFFIN AND
HUSBAND, DAVID S. GRIFFIN; A. C. PILAND AND WIFE, ESTHER
GRIFFIN PILAND

No. 746SC925

(Filed 19 February 1975)

1. Partition § 1— land subject to life estate — partition sale of timber

Under G.S. 46-25 the court has the discretion to order a partition
sale of timber growing on land owned by tenants in common subject
to a life estate upon petition by the life tenant without making find-
ings as to the necessity and advisability of such a sale.

2. Partition § 9; Estates § 4— land subject to life estate — partition sale
of timber — portion of life tenant

Where the court ordered a partition sale of timber growing on land
owned by tenants in common subject to a life estate, the life tenant
is entitled to receive his portion of the net proceeds as ascertained
under the mortuary tables. G.S. 46-25.

APPEAL by respondents from *Martin (Perry), Judge*. Judg-
ment entered 22 July 1974 in Superior Court, NORTHAMPTON
County. Heard in the Court of Appeals 23 January 1975.

Petitioner, owner of a life estate in a wooded tract of land,
brought this special proceeding under G.S. 46-25 to have timber
on the land sold for partition. Respondents are owners as tenants
in common of the remainder. The cause came on for hearing
before the Clerk of Superior Court, who made findings of fact
and entered judgment that the timber not to be sold. Petitioner
appealed to Superior Court.

After hearing arguments in the cause, Judge Martin made
the following findings of fact and conclusions of law:

"FINDINGS OF FACT

1. Respondents James R. Piland, Calvin R. Piland,
John E. Piland, Mary Lou Piland Griffin, and A. C. Piland
are the owners of a 1/5 undivided interest each as tenants
in common of the land described in the petition, subject to
the life estate of petitioner, Reginald G. Piland, in said land.

2. There is standing timber upon said land and the pe-
titioner desires a sale of that timber separate from the
land for partition among the owners thereof, including the

life tenant, Reginald G. Piland, petitioner herein, upon such terms as the court may direct in accordance with the provisions of G.S. 46-25.

3. Petitioner is 67 years old.

4. The land is part of what is commonly known as the Diamond Grove Farm lying in the fork of SR 1333 and SR 1341. The parcel of land is rectangular in shape and approximately 55 acres of it is woodland.

5. 80% of the timber on the land is pine; the remaining 20% of the timber on the land is hardwood.

6. An average of 25% of all the timber on the land has reached full growth. Of the fully-grown timber 20% is pine and 80% is hardwood. There are approximately 250,000 board feet in the fully-grown timber.

7. The remaining approximately 75% of all the timber on the land is small to medium young timber, is not diseased, and is growing well. This growing timber should be fully mature in approximately 10 to 12 years. When the tract is fully grown, it will contain at least an estimated 500,000 board feet.

8. The timber growing and standing upon said tract of land can be presently harvested.

### CONCLUSIONS OF LAW

1. The petitioner R. G. Piland, life tenant, is entitled to the relief defended in his petition, to wit, sale of the timber described in the petition by commissioners appointed herein.

2. The said petitioner is entitled to receive annually the interest on his pro rata share of the proceeds of sale of said timber."

From judgment ordering sale of the timber, petitioner and all respondents except A. C. Piland and Esther Griffin Piland appealed to this Court. Petitioner later abandoned his appeal.

*No brief filed for petitioner.*

*Revelle, Burleson and Lee, by L. Frank Burleson, Jr., for respondent appellants.*

ARNOLD, Judge.

Respondent appellants contend that since the court did not make findings of the necessity and advisibility of a sale there are insufficient findings of fact to support the order of sale. We cannot agree. The statute does not require any such findings.

G.S. 46-25 provides, "When two or more persons own, as tenants in common . . . a tract of land . . . subject to a life estate, then in any such case in which there is standing timber upon any such land, a sale of said timber trees, separate from the land, may be had upon the petition of one or more of said owners, *or the life tenant,* for partition among the owners thereof, including the life tenant. . . . " (Emphasis added.) The North Carolina Supreme Court has said this statute is permissive rather than mandatory. *Chandler v. Cameron,* 229 N.C. 62, 67, 47 S.E. 2d 528, 531 (1948). The use of the word "may" obviously makes the statute permissive. 7 Strong, N. C. Index 2d, Statutes, § 5, p. 75.

This statute changes the common law and permits a sale of timber for profit, by a life tenant, with the remaindermen receiving their share of the proceeds. At common law the life tenant was not permitted to sell standing timber, nor to receive benefit from it except for ordinary purposes in using the land. *Dorsey v. Moore,* 100 N.C. 41, 6 S.E. 270 (1888). When the life tenant cut timber it constituted waste unless he "acted as a prudent owner of the fee would have done." *Thomas v. Thomas,* 166 N.C. 627, 630, 82 S.E. 1032, 1033 (1914).

G.S. 46-25 gives the life tenant an advantage in timber that he does not enjoy in land. Life tenants may not maintain partition proceedings against tenants in common in the remainder. *Richardson v. Barnes,* 238 N.C. 398, 77 S.E. 2d 925 (1953) ; *Ray v. Poole,* 187 N.C. 749, 123 S.E. 5 (1924).

[1] Under G.S. 46-25 the court has the power in its discretion to order the sale of timber upon the life tenant's petition. A statute must be construed as it is written unless a literal interpretation leads to an absurd result. *See* 7 Strong, N.C. Index, *supra* at pp. 76, 77. When the language is clear and unambiguous the courts must give the statute its plain and definite meaning. We are powerless to interpolate, or superimpose, provisions or limitations not contained therein. *State v. Camp,* 286 N.C. 148, 152, 209 S.E. 2d 754, 756 (1974).

While we might think the statute should be changed to allow the life tenants to sell timber only upon a finding that good husbandry requires the cutting, and that no substantial injury will be done to the remainder, what we might think is not controlling. The wisdom of the enactment, and the power to change or alter, is exclusively the concern of the legislature.

[2] Although petitioner has not perfected his appeal we note a mistake on the face of the judgment. The court apparently confused G.S. 46-25 with G.S. 46-24 when it provided that the petitioner was to "receive annually the interest on his pro rata share of the proceeds of sale of said timber." In accordance with G.S. 46-25 the judgment is corrected as follows: "The petitioner is entitled to receive his portion of the net proceeds of the sale of the timber as ascertained under the mortuary tables established by law."

The judgment is

Modified and affirmed.

Judges VAUGHN and MARTIN concur.