GENE B. BRIDGERS, JUNE B. WARREN, ET VIR, G. WINSTON WARREN, ANNE B. HOWELL, ET VIR, C. WAYNE HOWELL, WALTER M. BRIDGERS AND BEATRICE M. BRIDGERS v. DEWEY W. BRIDGERS ET UX, FRANCES L. BRIDGERS

No. 816SC719

(Filed 6 April 1982)

1. **Partition § 1.2— persons entitled to petition for sale of timber**
   G.S. 46-25, which changed the common law by permitting a life tenant to petition for a sale of timber for profit, is not limited in application to only those tracts of land in which interests are subject to a life estate.

2. **Partition § 1.2— cotenants need not have same interest to partition**
   G.S. 46-25 does not require all cotenants to have the same type interest in the land in order to petition for a sale of standing timber from land.

3. **Partition § 2— authority to sell timber—no requirement that partition not possible**

Remainderman in a one-half interest in two tracts of land could seek a sale of the timber on the two tracts of land even if an equitable division of the property was possible.

APPEAL by plaintiffs from *Fountain, Judge*. Judgment entered 3 March 1981 in Superior Court, NORTHAMPTON County. Heard in the Court of Appeals 10 March 1982.

The present action involves two non-adjoining tracts of land in Northampton County. Tract 1 contains approximately 161 acres, of which approximately 100 acres are woodland. Tract 2 contains 27.3 acres, of which 15.86 acres are woodland.

Plaintiffs, Gene B. Bridgers, June B. Warren, Anne B. Howell, and Walter M. Bridgers, are cotenants in remainder of a one-half (1/2) undivided interest in Tracts 1 and 2. Their remainder interest is subject to a life estate in plaintiff, Beatrice M. Bridgers. Defendant, Dewey W. Bridgers, owns the other one-half (1/2) undivided interest in possession of Tracts 1 and 2. Beatrice Bridgers does not own a life interest in the one-half (1/2) undivided interest of Dewey Bridgers.

On 3 May 1979, plaintiffs petitioned the Clerk of Superior Court of Northampton County for a sale of the standing timber upon the two tracts of land, pursuant to G.S. 46-25. Defendant counterclaimed, seeking an actual partition of the tracts of land into two shares of equal value. He desired one share to be allotted to himself and one share to be allotted to the petitioners.

After considering the evidence of the parties, the clerk made the following pertinent findings:

. . .

"17. The timber can be harvested without damage to the crop land or the other real estate.

18. The timber is not equally spread throughout each tract. While the land can be divided equally without the timber on it, and the growing timber could be divided equally without regard to the real estate, the growing timber and the real estate together can not [*sic*] be divided equally."

The clerk concluded that cutting the timber was in keeping with good husbandry and that no substantial injury would be done to the remainder interest. He concluded that petitioners were entitled to the relief they had demanded.

Defendants appealed to the Superior Court. After hearing evidence, the judge found that the real estate was capable of division into two shares of substantially equal value, and that partition would not injure any of the parties. He concluded that G.S. 46-25 did not authorize the sale of the interest of Dewey Bridgers in the real estate since Mr. Bridgers' one-half (1/2) interest was not subject to an outstanding life estate. The judge ordered that the clerk's judgment be set aside. He remanded the cause to the clerk for an order appointing Commissioners to make an actual partition of the real estate of Tracts 1 and 2.

*Revelle, Burleson, Lee and Revelle, by L. Frank Burleson, Jr., for plaintiff appellants.*

*Allsbrook, Benton, Knott, Cranford and Whitaker, by J. E. Knott, Jr., for defendant appellees.*

VAUGHN, Judge.

At issue is the construction of G.S. 46-25 and its applicability to the present cause. G.S. 46-25 states the following:

"When two or more persons own, as tenants in common, . . . a tract of land, either in possession, or in remainder or reversion, subject to a life estate, or where one or more persons own a remainder or reversionary interest in a tract of land, subject to a life estate, then in any such case in which there is standing timber upon any such land, a sale of said timber trees, separate from the land, may be had upon the petition of one or more of said owners, or the life tenant, for partition among the owners thereof, including the life tenant, upon such terms as the court may order, and under like proceedings as are now prescribed by law for the sale of land for partition: Provided, that when the land is subject to a life estate, the life tenant shall be made a party to the proceedings, and shall be entitled to receive his portion of the net proceeds of sales. . . . Provided further, that prior to a judgment allowing a life tenant to sell the timber there must

be a finding that the cutting is in keeping with good husbandry and that no substantial injury will be done to the remainder interest."

The Superior Court judge was of the opinion that G.S. 46-25 does not authorize a sale of standing timber in the present situation. There appears to be two reasons for that opinion. First, he concludes that the statute only authorizes the sale of timber from land in which the interest of all parties is subject to a life estate. In the present cause, the one-half undivided interest of Dewey Bridgers is not subject to an outstanding life estate. Second, he seems to conclude that where an actual division of the real estate is possible, a sale of standing timber cannot be had. We conclude that the judge erred in his construction of G.S. 46-25.

[1] G.S. 46-25 changes the common law by permitting a life tenant to petition for a sale of timber for profit. *Piland v. Piland*, 24 N.C. App. 653, 211 S.E. 2d 844, *cert. denied*, 286 N.C. 723, 213 S.E. 2d 723 (1975). The statute is not limited in application, however, to only those tracts of land in which interests are subject to a life estate. When the statute speaks of tenants in common "either in possession, or in remainder or reversion, subject to a life estate," the phrase "subject to a life estate" modifies only the words "remainder" and "reversion." Tenants in common who presently possess a tract of land may also petition for a sale of timber. *See Chandler v. Cameron*, 229 N.C. 62, 47 S.E. 2d 528 (1948).

[2] We further conclude that the statute does not require all cotenants to have the same type interest in the land. A cotenant in remainder may petition for a sale of standing timber from land in which the other cotenant has a present possessory interest. Such an interpretation is consistent with G.S. 46-3, which authorizes the partition of real estate upon a cotenant's petition without regard to the possessory interests of his cotenants.

We, therefore, hold that cotenants, Gene Bridgers, June Warren, Anne Howell, and Walter Bridgers, properly petitioned under G.S. 46-25 for a sale of the land's standing timber. Their interest is subject to a life estate in Beatrice Bridgers. Entitled to be made a party to the proceeding, she chose to join the remaindermen in their petition.

[3] The next question is whether the petitioners were required to show that an equitable partition of the tracts was not possible

before the court could authorize a sale of the timber apart from the realty. We hold that they were not.

A comparison of G.S. 46-25 with other statutes is helpful. G.S. 46-22 provides for a sale of property only when "an actual partition of the lands cannot be made without injury to some or all of the parties interested." G.S. 46-26 provides for the sale of mineral interests only where "it would be for the best interests of the tenants in common . . . or if actual partition of the same cannot be had without injury to some or all of such tenants. . . ."

G.S. 46-25, on the other hand, makes no mention of a partition of the real estate. When the petitioners for a sale of standing timber are cotenants in the land, a sale of timber trees "may be had . . . upon such terms as the court may order." When the petitioner is a life tenant, the court must find "that the cutting is in keeping with good husbandry and that no substantial injury will be done to the remainder interest." In neither situation is the court required to first find that partition of the land would cause injury before it can order a sale of the standing timber. We, therefore, conclude that the present plaintiffs could seek a sale of the timber on the two tracts of land, even if an equitable division of the property was possible.

As defendants point out, G.S. 46-25 is a permissive statute. *Chandler v. Cameron, supra.* Upon a petition for the sale of standing timber, the court *may* order such a sale. A discretionary order is ordinarily not subject to review unless there has been an abuse of discretion. *GMC Trucks v. Smith,* 249 N.C. 764, 107 S.E. 2d 746 (1959). Since there is no mandate that the court grant plaintiffs' petition, defendants argue the court's denial is not subject to review unless plaintiffs show an abuse of discretion.

Defendants' argument would have merit if the Superior Court had exercised its discretion under G.S. 46-25. In denying a sale of the standing timber, however, the court concluded that G.S. 46-25 did not apply. We have held that this conclusion resulted from a misconstruction of the statute. "[W]here it appears that the judge below has ruled upon matter before him upon a misapprehension of the law, the cause will be remanded to the Superior Court for further hearing in the true legal light." *State v. Grundler,* 249 N.C. 399, 402, 106 S.E. 2d 488, 490 (1959). The order is, therefore, vacated and the present record remanded

to the Superior Court for findings and conclusions consistent with the opinion herein.

Vacated and remanded.

Chief Judge MORRIS and Judge HEDRICK concur.