GENE B. BRIDGERS; JUNE B. WARREN ET VIR, G. WINSTON WARREN; ANNE B. HOWELL ET VIR, C. WAYNE HOWELL; WALTER M. BRIDGERS; AND BEATRICE BRIDGERS v. DEWEY W. BRIDGERS ET UX, FRANCES L. BRIDGERS

No. 826SC769

(Filed 7 June 1983)

Partition § 6— judgment ordering actual partition—proper

A trial judge did not abuse his discretion by holding that property should be partitioned rather than sold where he based his decision upon a correct interpretation of G.S. 46-25 and the Court's prior opinion in the case.

APPEAL by petitioners from *Tillery, Judge.* Judgment entered 10 June 1982 in Superior Court, NORTHAMPTON County. Heard in the Court of Appeals 17 May 1983.

This is a special proceeding first brought by petitioners on 3 May 1979 seeking a sale of timber upon two tracts of land, pursuant to N.C. Gen. Stat. Sec. 46-25. The defendants counterclaimed, seeking an actual partition of the tracts of land into two shares of equal value. The petitioners, Gene B. Bridgers, June B. Warren, Anne B. Howell, and Walter M. Bridgers, are cotenants in remainder of a one-half (1/2) undivided interest in each tract. Their remainder interest is subject to a life estate in the petitioner, Beatrice M. Bridgers. The defendants own the other one-half (1/2) undivided interest in each tract of land.

The Clerk of Superior Court of Northampton County concluded that the petitioners were entitled to the relief they demanded. The respondents appealed to the Superior Court, which set aside the clerk's judgment and remanded the cause to the clerk for an order appointing Commissioners to partition the property. The petitioners appealed.

This court, in an earlier opinion, found the trial judge had misconstrued the applicable statute; therefore, it vacated and remanded the case. For a complete factual background see *Bridgers v. Bridgers,* 56 N.C. App. 617, 289 S.E. 2d 921 (1982). At the second hearing, the trial judge held that the respondents were entitled to a partition of the real estate. From a judgment entered in favor of the respondents, the petitioners appealed.

Bridgers v. Bridgers

*Revelle, Burleson, Lee & Revelle, by L. Frank Burleson, Jr. for the petitioners, appellants.*

*Allsbrook, Benton, Knott, Cranford & Whitaker, by L. McNeil Chestnut for the respondents, appellees.*

HEDRICK, Judge.

The petitioners argue the trial judge abused his discretion by holding that the property should be partitioned and by failing to follow this court's opinion in *Bridgers v. Bridgers*, 56 N.C. App. 617, 289 S.E. 2d 921 (1982). In the first appeal, this court held that under N.C. Gen. Stat. Sec. 46-25 there could be an actual sale of the timber on both tracts, but that the trial judge had discretion as to whether to order a sale or an actual partition.

On retrial, Judge Tillery reached the same result as the previous trial judge but based his decision upon a correct interpretation of the statute and this court's opinion in the first appeal. Judge Tillery declared:

That North Carolina G.S. 46-25 does not require the sale of the interest of respondent, Dewey W. Bridgers, in said timber but permits the Trial Court to exercise its discretion as to whether or not the sale of said timber should be ordered or denied, and it is the opinion of this Court in its discretion that the sale of said timber from the lands of Dewey W. Bridgers, et ux, should be denied. . . . and respondents should be granted the relief sought in their counterclaim. . . .

Judge Tillery's judgment is consistent both with N.C. Gen. Stat. Sec. 46-25 and with this court's opinion in *Bridgers v. Bridgers, id*. Therefore, we find that he did not abuse his discretion by denying the petition and granting the respondents' counterclaim.

Affirmed.

Judges WELLS and PHILLIPS concur.