IN RE: LEONARD, A MINOR CHILD

No. 8519DC43

(Filed 15 October 1985)

**Parent and Child § 1.5— petition to terminate parental rights—child living in Ohio when petition filed—absence of jurisdiction**

A child was not "residing in" or "found in" the district "at the time of filing" of a petition to terminate parental rights so as to give the district court jurisdiction under G.S. 7A-289.23 to determine the petition where the child had moved to Ohio with its mother four days before the petition was filed.

APPEAL by respondent from *van Noppen, Judge.* Judgment entered 20 December 1984 in RANDOLPH County District Court. Heard in the Court of Appeals 27 August 1985.

This case arises out of a petition to terminate the parental rights of Darrel Leonard as to his son, Michael Leonard. The petition was filed 19 June 1984 in Randolph County. At the hearing, the petitioner Rita McMasters Leonard testified that she married David Avery on 10 June 1984. On 15 June 1984, she left North Carolina with the child to join her new husband in Ohio while he completed a two-year course of schooling. She did not know where they would move after her husband completed his studies.

Respondent moved to dismiss on the ground that the court lacked jurisdiction to hear the petition under N.C. Gen. Stat. § 7A-289.23 (Cum. Supp. 1983). Judge van Noppen denied the motion and heard the grounds for termination. The order granting termination of Darrel Leonard's parental rights was entered 20 December 1984.

---

In re Leonard

---

*Beck, O'Briant and O'Briant, by Lillian B. O'Briant for petitioner-appellee.*

*Central Carolina Legal Services, Inc., by Stanley B. Sprague, for respondent-appellant.*

WELLS, Judge.

The sole issue before this Court is interpretation of the termination of parental rights jurisdictional statute, N.C. Gen. Stat. § 7A-289.23 (Cum. Supp. 1983). The pertinent language follows:

> The district court shall have exclusive original jurisdiction to hear and determine any petition relating to termination of parental rights to any child who resides in, is found in, or is in the legal or actual custody of a county department of social services or licensed child-placing agency in the district at the time of filing of the petition. . . .

Respondent contends that, since the mother left with the child for Ohio four days before the petition was filed, the child was not "residing in" or "found in" the district "at the time of filing" and therefore the petition should fail for lack of subject matter jurisdiction. We agree and vacate.

> A statute must be construed as it is written unless a literal interpretation leads to an absurd result. [Citations omitted.] When the language is clear and unambiguous the courts must give the statute its plain and definite meaning. We are powerless to interpolate, or superimpose, provisions or limitations not contained therein. [Citations omitted.]

*Piland v. Piland,* 24 N.C. App. 653, 211 S.E. 2d 844, *cert. denied,* 286 N.C. 723, 213 S.E. 2d 723 (1975). *See also Evans v. Roberson,* slip op. No. 489A84 (N.C. Aug. 13, 1985). The legislature chose to use the phrases "resides in" and "is found in" and upon these phrases we must base our interpretation. "Residence" and "domicile" have been held to be synonymous; but generally "residence" indicates the person's actual place of abode, whether permanent or temporary, and "domicile" indicates the person's permanent home to which, when absent, he intends to return. Residence is a prerequisite to establishing a domicile, and not vice versa. *See Hall v. Board of Elections,* 280 N.C. 600, 187 S.E. 2d 52 (1972). Therefore, it is simpler to establish a change of residence than a

change of domicile. We hold that, by moving to Ohio, petitioner's actions were effective to change Michael's residence to one outside the court's jurisdiction.

Usually, words of a statute will be given their natural, approved and recognized meaning. *Black v. Littlejohn,* 312 N.C. 626, 325 S.E. 2d 469 (1985). A person is said to be "found" within a state for purposes of service of process when actually present therein. Black's Law Dictionary 590-91 (5th ed. 1979). It seems clear that at the time this action was instituted, Michael was not to be found in North Carolina; therefore, the court below did not have subject-matter jurisdiction to determine respondent's parental rights based on the statutory criteria.

Petitioner contends that the codified legislative intent of Article 24B (Termination of Parental Rights) should serve to expand our reading of the statutes therein.

> This Article shall not be used to circumvent the provisions of Chapter 50A, The Uniform Child Custody Jurisdiction Act.

N.C. Gen. Stat. § 7A-289.22(4) (1981). Before determining parental rights, the court must find under G.S. § 50A-3 that it has jurisdiction to make a child custody determination. G.S. § 7A-289.23. The court concluded that it would have jurisdiction to determine Michael Leonard's custody under G.S. § 50A-3 and this conclusion has not been contested. While a determination of jurisdiction over child custody matters will precede a determination of jurisdiction over parental rights, it does not *supplant* the parental rights proceedings. The language of the statute is that it shall not be "used to circumvent" Chapter 50A, not that it shall "be in conformity with" Chapter 50A.

The result in this case is not absurd, but it is nonetheless unfortunate. Though residence or physical presence of the child in the district at the time of filing is some indication of the child's connections with the state, the requirement is too easily overcome by a visit to the district on the filing date. In this case it is undisputed that virtually all of Michael Leonard's young life was spent in this state and witnesses who know the family members and other sources of evidence of the relationship with his father are here. In addition, respondent would surely be disadvantaged if his parental rights would be challenged in Ohio.

Despite these concerns, the legislature has amended G.S. § 7A-289.23 four times since its original passage and has not seen fit to alter the words that grant jurisdiction. The wisdom of the enactment, and the power to change or alter, is exclusively the concern of the legislature. *Piland v. Piland, supra.*

Vacated and remanded for order dismissing the petition.

Judges WHICHARD and PHILLIPS concur.