IN RE: ATASHA DAWN BEAN, A MINOR CHILD

No. COA98-531

(Filed 16 February 1999)

**1. Attorneys— representation by out-of-state counsel—no local counsel—no prejudicial error**

There was no prejudicial error in a child custody action where respondent was represented by Florida counsel, it could not be determined from the record whether local counsel appeared, and petitioners did not object. N.C.G.S. § 84-4.1.

**2. Child Support, Custody, and Visitation— child support— prior Florida custody order—North Carolina petition to terminate parental rights—jurisdiction**

A North Carolina court properly declined to invoke its jurisdiction under N.C.G.S. § 7A-289.23 where petitioners obtained custody of a child under a Florida order, petitioners and the child moved to North Carolina with the approval of the Florida court, and petitioners subsequently filed this action in North Carolina to terminate the parental rights of the respondent father, who resides in Florida. The trial court must first consider whether it has jurisdiction to make a child custody order under N.C.G.S. § 50A-3 before it can exert the "exclusive original" jurisdiction granted in N.C.G.S. § 7A-289.23. The trial court's jurisdiction in a termination of parental rights case must be compatible with both the Uniform Child Custody Jurisdiction Act (UCCJA) and the Parental Kidnapping Prevention Act (PKPA); under the PKPA, the Florida court retains jurisdiction because the father continues to reside in Florida.

Appeal by petitioners from an order entered 25 February 1998 by Judge James T. Bowen in Lincoln County District Court. Heard in the Court of Appeals 6 January 1999.

*Short, Smith & Wilson, P.A., by Charles E. Wilson, Jr., for petitioners-appellants.*

*Michael W. Johnson; and Harrington, Moore, Ward, Gilleand & Winstead, L.L.P., by Eddie S. Winstead, III, for respondent-appellee.*

WALKER, Judge.

Petitioners, George and Cherri Punch, brought this action to terminate the parental rights of respondent, Robert Bean, the putative father of the minor child, Atasha Dawn Bean, who was born 6 July 1988. The biological mother's parental rights were terminated in 1992. The respondent father resides in Ocala, Florida while the petitioners and the child currently reside in Lincoln County, North Carolina. The child was declared dependent on 15 June 1989 by order of the Circuit Court, Marion County, Florida and placed in the custody of the Marion County, Florida Department of Health and Rehabilitative Services (the Department). The Department placed the child in the custody of the petitioners on 20 December 1990 and the child has remained in the petitioners' custody since that time. In December 1994, the petitioners and the child moved to Lincoln County, North Carolina from Florida with the consent of the Department and the Circuit Court.

By an order dated 30 January 1996, the Circuit Court in Marion County, Florida continued the child in the long-term custody of the petitioners:

> The court hereby continues the minor child in the long term custody of the above adult non-relatives willing to care for the child without the supervision of the Department. . . . [T]he court has determined that neither reunification, termination of parental rights, nor adoption is currently in the best interest of the child. . . . All parties understand that the long-term custodial relationship does not preclude the possibility of the child returning to the custody of the father at a later date.
>
> . . .
>
> The court retains jurisdiction over this case and the child shall remain in the long-term custody of George A. Punch and Cherri Punch, . . . until the order creating the long-term custodial relationship is modified by the court.

Petitioners were present in Florida at the hearing from which this order was derived on 19 January 1996. The child has not returned to Florida since March 1995.

Petitioners filed this action on 29 April 1997 and service was obtained upon the respondent father in Florida. The respondent's

IN RE BEAN

[132 N.C. App. 363 (1999)]

counsel, a member of the Florida bar, moved the trial court to allow him to appear *pro hac vice*, but did not associate local counsel for the hearing in conformance with N.C. Gen. Stat. § 84-4.1. Nevertheless, the trial court granted the motion. On 19 June 1997, the respondent father filed a motion to dismiss the petition on the grounds that the Circuit Court in Florida retained jurisdiction over the child and that the trial court here could not exercise jurisdiction consistent with the Uniform Child Custody Jurisdiction Act (UCCJA). The trial court granted the motion to dismiss finding that Florida retained jurisdiction over the child.

[1] Petitioners first assign as error the trial court's granting of the respondent's counsel's Motion to Appear *Pro Hac Vice* because the attorney did not comply with N.C. Gen. Stat. § 84-4.1, which requires that local counsel be associated and appear with the out-of-state counsel at trial.

An out-of-state attorney must comply with five requirements contained in N.C. Gen. Stat. § 84-4.1 when filing a motion to appear, including a requirement that local counsel be associated who will accept service on behalf of the attorney in any related proceeding or disciplinary action. N.C. Gen. Stat. § 84-4.1 (1995). The purpose of the statute is to allow courts a means to control out-of-state counsel and to assure their compliance with the duties and responsibilities of attorneys from this State. *N.C.N.B. v. Virginia Carolina Builders*, 57 N.C. App. 628, 292 S.E.2d 135, *rev'd on other grounds*, 307 N.C. 563, 299 S.E.2d 629 (1982).

In this case, the trial court allowed counsel's motion; however, we are unable to determine from the record whether local counsel appeared as petitioners did not object. *See* N.C.R. App. P. 10(b)(1). Petitioners now contend the trial court erred by failing to enforce compliance with the statute. Nevertheless, assuming the trial court erred by failing to enforce compliance, we decline to find prejudicial error such that the order should be set aside.

[2] Petitioners contend the trial court erred in dismissing their petition on the grounds that it did not have jurisdiction to hear the case. They argue that the trial court has original jurisdiction over a petition to terminate parental rights pursuant to N.C. Gen. Stat. § 7A-289.23 in all cases where the child resides in or is found in the district.

N.C. Gen. Stat. § 7A-289.23 provides for jurisdiction over termination of parental rights actions:

The district court shall have exclusive original jurisdiction to hear and determine any petition relating to termination of parental rights to any child who resides in, is found in, or is in the legal or actual custody of a county department of social services or licensed child-placing agency in the district at the time of filing of the petition. . . . *Provided that, before exercising jurisdiction under this Article the court shall find that it would have jurisdiction to make a child custody determination under the provisions of G.S. 50A-3. . . .*

N.C. Gen. Stat. § 7A-289.23 (1995) (emphasis added). This provision requires a two-part process in which the trial court must first consider whether it has jurisdiction to make a child custody order under N.C. Gen. Stat. § 50A-3 before it can exert the "exclusive original" jurisdiction granted in N.C. Gen. Stat. § 7A-289.23. *In re Leonard*, 77 N.C. App. 439, 335 S.E.2d 73 (1985). Thus, the district court may assert its jurisdiction only if to do so would be compatible with the UCCJA, which is codified in N.C. Gen. Stat. Ch. 50A. The UCCJA governs "custody proceedings" where multiple states are involved and its purpose is to prevent forum shopping for the convenience of competing parents to the detriment of the interest of the child. *Holland v. Holland*, 56 N.C. App. 96, 286 S.E.2d 895 (1982).

Our State's jurisdiction is governed by both the UCCJA and the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A (1980). *Beck v. Beck*, 123 N.C. App. 629, 473 S.E.2d 789 (1996). The PKPA has established the national policy with regard to custody jurisdiction, and to the extent a state custody statute conflicts with the PKPA, the federal statute controls. *Id.*; *Gasser v. Sperry*, 93 N.C. App. 72, 376 S.E.2d 478 (1989); *See Thompson v. Thompson*, 484 U.S. 174, 98 L. Ed. 2d 512 (1988). The trial court's jurisdiction in a termination of parental rights case must be compatible with both the UCCJA and the PKPA.

The UCCJA establishes four routes by which a trial court may assert its jurisdiction: (1) if this is the child's "home state," or (2) if there is a "significant connection" between the child and this State, or (3) if the child is physically present and there is an emergency, or (4) if no other state would have jurisdiction or another state has declined jurisdiction and found that this State would be a more appropriate forum. N.C. Gen. Stat. § 50A-3 (1984). The UCCJA only requires a trial court to decline to exercise jurisdiction when it is notified that a custody proceeding is ongoing in another jurisdiction.

*See* N.C. Gen. Stat. § 50A-6 (1984). However, the PKPA imposes an additional limitation to the circumstances in which a trial court may assert its jurisdiction:

> (d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or *any contestant.*

28 U.S.C. § 1738A(d) (1980) (emphasis added). Subsection (c)(1) mandates that the trial court making the original determination have proper jurisdiction under its own laws. Thus, so long as the original trial court had proper jurisdiction under its own laws and the child or any contestant continues to reside in that state, it retains jurisdiction.

In this case, Florida has adopted the UCCJA, so the jurisdiction of the Florida court was dependent on whether it was the child's home state at the time of the original dependency declaration in 1990. *See* Fla. Stat. Ann. §§ 39.013, 61.1308 (West 1998). Although the petitioners and the child have now resided in Lincoln County, North Carolina since 1994, the putative father, a contestant in this case, continues to reside in Florida, the State which originally granted custody to the petitioners and which has continued to assert its jurisdiction over this case. Under the PKPA, because the father continues to reside in Florida, the Florida court retains jurisdiction and the trial court properly declined to invoke its jurisdiction under N.C. Gen. Stat. § 7A-289.23.

For these reasons, the order of the trial court dismissing the petition is

Affirmed.

Judges LEWIS and TIMMONS-GOODSON concur.