SHANE REECE v. SCOTT FORGA, FORGA CONTRACTING, INC., JOHN DOE AND DOE CORP.

No. COA99-969

(Filed 5 July 2000)

**Workers' Compensation— jurisdiction—work-related injury**

The trial court did not err by dismissing plaintiff's complaint for personal injuries based on lack of subject matter jurisdiction because: (1) claims for work-related injuries are within the exclusive jurisdiction of the Industrial Commission; (2) plaintiff alleged only that he sustained injuries due to defendants' negligence while he was performing duties within the course and scope of his employment; and (3) plaintiff has not alleged any facts that would show defendants had not accepted the Workers' Compensation Act as presumed under N.C.G.S. § 97-3, or that defendants were not otherwise subject to it.

REECE v. FORGA

[138 N.C. App. 703 (2000)]

Appeal by plaintiff from order entered 17 May 1999 by Judge Dennis J. Winner in Haywood County Superior Court. Heard in the Court of Appeals 26 April 2000.

*Melrose, Seago & Lay, by Randal Seago, for plaintiff-appellant.*

*Patrick U. Smathers for defendant-appellees.*

MARTIN, Judge.

Plaintiff brought this action seeking damages for personal injuries allegedly caused by the negligence of defendants. In his complaint, plaintiff alleged that while he was employed by defendants and was engaged in loading wood into the bucket of a front end loader, defendant Scott Forga negligently caused the machine to swing around, injuring plaintiff. Defendants moved to dismiss pursuant to G.S. § 1A-1, Rule 12(b)(6) for plaintiff's failure to state a claim upon which relief can be granted. After a hearing, the trial court entered the following order:

> **THIS CAUSE** coming on to be heard before the undersigned Superior Court Judge Presiding upon Defendants' motion to dismiss, and the Court finding that this is a claim for injury sustained during an employer/employee relationship between the Parties, and there is no allegation in Plaintiff's Complaint alleging a basis for this action to be heard outside the scope of the North Carolina Workers Compensation Act, and the Court determining that it does not have subject matter jurisdiction of this matter.
>
> **NOW, THEREFORE,** it is hereby **ORDERED, ADJUDGED and DECREED** that Plaintiff's action is hereby dismissed.

Plaintiff appeals.

----

The sole issue raised by the two assignments of error brought forward in plaintiff's brief is whether the trial court erred in dismissing the complaint for lack of subject matter jurisdiction. Initially, we dispense with plaintiff's contention that the superior court erred in addressing the question of subject matter jurisdiction *sua sponte* since the question was not raised by defendants. A party may not waive jurisdiction, *Miller v. Roberts*, 212 N.C. 126, 193 S.E. 286 (1937), and a court has inherent power to inquire into, and determine, whether it has jurisdiction and to dismiss an action *ex mero motu* when subject matter jurisdiction is lacking. *Lemmerman v. A.T.*

*Williams Oil Co.*, 318 N.C. 577, 350 S.E.2d 83, *reh'g denied*, 318 N.C. 704, 351 S.E.2d 736 (1986).

The provisions of Chapter 97 of the General Statutes, the Workers' Compensation Act (the Act), apply to all employees and employers where the employer regularly employs three or more employees. N.C. Gen. Stat. § 97-2(1), 97-3. Subject to certain exceptions not applicable here, where the employer and employee are subject to and have complied with the Act, the rights granted an injured employee under the Act are the exclusive remedy in the event of the employee's injury by accident in connection with the employment. N.C. Gen. Stat. § 97-10.1. Under such circumstances, the injured employee may not elect to maintain a suit for recovery of damages for his injuries, but must proceed under the Act. *McAllister v. Cone Mills Corp.*, 88 N.C. App. 577, 364 S.E.2d 186 (1988). Such cases are within the exclusive jurisdiction of the Industrial Commission; the superior court has been divested of jurisdiction by statute. *Lemmerman v. A.T. Williams Oil Co., supra; Sneed v. Carolina Power & Light Co.*, 61 N.C. App. 309, 300 S.E.2d 563 (1983). However, where the employer fails to secure the payment of compensation by either insuring against liability or qualifying as a self-insurer, G.S. § 97-93(a), such employer

> shall be liable during continuance of such refusal or neglect to an employee either for compensation under the Article or at law at the election of the injured employee.

N.C. Gen. Stat. § 97-94(b). There is a presumption that every employer and employee subject to the Act has accepted its provisions. N.C. Gen. Stat. § 97-3; *Miller v. Roberts, supra.*

The foregoing statutes express a clear intent by the General Assembly that claims for work related injuries be adjudicated pursuant to the Act. Thus, where the relationship of employer-employee as defined by the Act exists, the employee may elect to pursue, in a court of law, a claim for accidental injuries arising from that relationship only when the employer's conduct has taken him outside the provisions of the Act; otherwise, jurisdiction has been statutorily conferred upon the Industrial Commission. *See Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991) (Act does not relieve employer from civil liability for employer's intentional tort or intentional misconduct substantially certain to cause serious injury or death); *Seigel v. Patel*, 132 N.C. App. 783, 513 S.E.2d 602 (1999) (noting that G.S. § 97-94

"arguably" permits plaintiff to bring a claim at law where employer has failed to secure compensation).

In the present case, plaintiff alleged only that he sustained injuries due to defendants' negligence while he was performing duties within the course and scope of his employment by them. Such allegations bring plaintiff's claim within the G.S. § 97-3 presumption of acceptance of the provisions of the Act. While such presumption may be rebutted, plaintiff has alleged no facts which, if proved, would show that defendants had not accepted the Act or were not otherwise subject to it. Nothing else appears of record to rebut the presumption of acceptance. Absent some allegation or showing to rebut the presumption, plaintiff's claim is within the exclusive jurisdiction of the Industrial Commission. The trial court's order dismissing the action for lack of subject matter jurisdiction must be affirmed.

Affirmed.

Judges LEWIS and WALKER concur.