CINDY FOLEY, PLAINTIFF v. PAUL FOLEY, DEFENDANT

No. COA02-347

(Filed 4 March 2003)

## 1. Jurisdiction— subject matter—consent, waiver, estoppel— not sufficient

The signing of a child custody consent order did not waive any challenge to subject matter jurisdiction; the UCCJEA is a jurisdictional statute and its requirements must be met for a court to have power to adjudicate child custody disputes. Subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel.

## 2. Child Support, Custody, and Visitation— custody—subject matter jurisdiction

A child custody order was vacated and remanded for a determination of whether the court has subject matter jurisdiction under any of the four bases of the UCCJEA in N.C.G.S. § 50A-201 where there was no direct evidence of the minor's

place of birth, of how long the minor resided in North Carolina and West Virginia, or of whether the minor resided in North Carolina for the six months before this action; there were no court records from West Virginia; and the consent order and temporary custody orders relied on by plaintiff contained no home state determination.

Appeal by defendant from order filed 18 December 2001 by Judge Edgar B. Gregory in Wilkes County District Court. Heard in the Court of Appeals 28 January 2003.

Brewer & Brewer, by Gregory J. Brewer, for plaintiff appellee.

Dennis G. Martin, P.C., by Dennis G. Martin, for defendant appellant.

BRYANT, Judge.

Paul Arnold Foley (defendant) appeals from an order filed 18 December 2001 concluding the district court had subject matter jurisdiction over the child custody dispute at issue in this case.

On 27 August 2001, Cindy Foley (plaintiff) filed a complaint seeking temporary and permanent custody of the parties' minor child, Taylor Whitelaw Foley (the minor). The complaint alleged defendant had fled with the minor to West Virginia. On the same day, the trial court entered an ex parte order granting plaintiff temporary custody and finding the trial court had jurisdiction because North Carolina was the home state of the minor and that no other state would have jurisdiction.

On 6 September 2001, the parties filed a consent order (the Consent Order) granting primary legal and physical custody of the minor to plaintiff and allowing defendant visitation under specified terms. In the Consent Order, the parties consented to North Carolina having jurisdiction over the minor child and subject matter jurisdiction over the case. On 8 October 2001, plaintiff filed a motion in the cause alleging defendant had failed to return the child from West Virginia following visitation and seeking temporary custody as well as having defendant held in contempt of court. On the same day, the trial court filed an ex parte order granting plaintiff temporary custody and calendared the matter for a subsequent hearing.

A hearing was held on 16 October 2001, at which plaintiff was represented by counsel and defendant appeared pro se. Plaintiff tes-

FOLEY v. FOLEY

[156 N.C. App. 409 (2003)]

tified that following the execution of the Consent Order, defendant was permitted to take the minor to West Virginia for visitation but had refused to return the minor to plaintiff. Plaintiff took the 8 October 2001 temporary custody order to West Virginia, where a West Virginia judge ordered defendant to return the minor to plaintiff. No evidence was presented as to where the plaintiff resided nor where the minor was born or resided.

At the conclusion of the hearing, the trial court, in an order filed 26 October 2001, concluded it had subject matter jurisdiction and that defendant had willfully violated the Consent Order. The trial court then held defendant in civil contempt. The matter was set for another hearing on 4 December 2001 for the trial court to review defendant's visitation privileges. On 13 November 2001, defendant, through an attorney, filed motions seeking to have the Consent Order stricken and the action dismissed for lack of jurisdiction. Following a 4 December 2001 hearing, the trial court, after arguments of counsel and a review of the record, entered an order concluding the trial court had jurisdiction over the parties, minor child, and subject matter of the case and denied defendant's motions. The trial court based its ruling solely on its determination that defendant had waived any objection to subject matter jurisdiction by consenting to the jurisdiction of the trial court in the Consent Order.

---

The issues are whether: (I) under the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA) and the Parental Kidnapping Prevention Act (PKPA) a state may obtain subject matter jurisdiction through the consent of the parties; and (II) this case should be dismissed for lack of subject matter jurisdiction.

I

[1] Defendant argues, and plaintiff concedes, the signing of the Consent Order did not waive any challenge to subject matter jurisdiction. The UCCJEA is a jurisdictional statute, and the jurisdictional requirements of the UCCJEA must be met for a court to have power to adjudicate child custody disputes. *In re Brode*, 151 N.C. App. 690, 692, 566 S.E.2d 858, 860 (2002); *see* N.C.G.S. §§ 50A-101 to -317 (2001). The PKPA is a federal statute also governing jurisdiction over child custody actions and is designed to bring uniformity to the application of the UCCJEA among the states. *Brode*, 151 N.C. App. at 694, 566 S.E.2d at 861; *see* 28 U.S.C.A. § 1738A (2002). Subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel. *In re Davis*,

114 N.C. App. 253, 256, 441 S.E.2d 696, 698 (1994).[1] Accordingly, the trial court erred in ruling the signing of the Consent Order by defendant waived any challenge to the subject matter jurisdiction of the trial court.

II

**[2]** Because the trial court's sole basis for exercising subject matter jurisdiction is erroneous, we may review the record to determine if subject matter jurisdiction exists in this case. *See Reece v. Forga*, 138 N.C. App. 703, 704, 531 S.E.2d 881, 882 (2000) ("a court has inherent power to inquire into, and determine, whether it has jurisdiction and to dismiss an action *ex mero motu* when subject matter jurisdiction is lacking").

Under the UCCJEA, there are four bases for exercising subject matter jurisdiction over an initial child custody determination:

(1) This State is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding, and the child is absent from this State but a parent or person acting as a parent continues to live in this State;

(2) A court of another state does not have jurisdiction under subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this State is the more appropriate forum under G.S. 50A-207 or G.S. 50A-208, and:

  a. The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this State other than mere physical presence; and

  b. Substantial evidence is available in this State concerning the child's care, protection, training, and personal relationships;

(3) All courts having jurisdiction under subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this State is the more appropriate forum to determine the custody of the child under G.S. 50A-207 or G.S. 50A-208; or

---

1. The official comment 2 to N.C. Gen. Stat. § 50A-201 governing initial child custody jurisdiction recognizes: "It should also be noted that since jurisdiction to make a child custody determination is subject matter jurisdiction, an agreement of the parties to confer jurisdiction under this Act is ineffective." N.C.G.S. § 50A-201, official commentary (2001).

(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2), or (3).

N.C.G.S. § 50A-201 (2001).

In this case, defendant asserts that West Virginia, not North Carolina, was the home state of the minor "at the time of the signing of the [C]onsent [O]rder."[2] Plaintiff, on the other hand, contends that "there is nothing in the record to suggest that North Carolina is not the home state of the [minor]." Although acknowledging that a home state determination is the primary basis for determining subject matter jurisdiction, plaintiff urges this Court to base a finding of subject matter jurisdiction on the trial court's 27 August 2001 grant of temporary custody, the Consent Order, and the second temporary order of 8 October 2001.

We are troubled, however, by what is not affirmatively in the record. There is no direct evidence of the minor's place of birth, the length of time the minor resided in West Virginia or North Carolina, or whether the minor resided in North Carolina during the six months prior to the commencement of this proceeding.[3] Further, there is no evidence the West Virginia court was a court having subject matter jurisdiction but declining to exercise it on the grounds North Carolina was the more appropriate forum. The record contains no court records from West Virginia, and plaintiff's testimony reveals only that the West Virginia court ordered enforcement of the North Carolina temporary custody order and was not requested to enter a custody order or to modify the existing order. Furthermore, the Consent Order and temporary custody orders relied on by plaintiff contain no home state determination on which to base the finding the trial court had subject matter jurisdiction and simply exercise jurisdiction in a conclusory manner without making specific findings of fact.

Accordingly, because the record is devoid of evidence from which it may be ascertained whether or not the trial court had subject matter jurisdiction, we must vacate the order filed 18 December 2001 and remand this case to the trial court to determine whether it had subject matter jurisdiction under any one of the four bases of the UCCJEA outlined in N.C. Gen. Stat. § 50A-201, and to make the appro-

2. We note under Section 50A-201(1), the appropriate date for home state determination is the date of the commencement of the proceeding, not the date the order is entered. *See* N.C.G.S. § 50A-201(1) (2001).

3. There is also no evidence of any connection with any other state.

priate findings of fact to support the conclusions of law. *See Brewington v. Serrato*, 77 N.C. App. 726, 729, 336 S.E.2d 444, 447 (1985) (a trial court assuming jurisdiction over a child custody matter must make specific findings of fact to support its action).

Vacated and remanded.

Judges WYNN and GEER concur.