595 S.E.2d 794 (2004)
In the Matter of J.B., Minor Child.
Nos. COA03-807, COA03-808.
Court of Appeals of North Carolina.
May 18, 2004.
*795 Charlotte A. Wade, Asheville, for petitioner-appellee Buncombe County Department of Social Services.
Hall & Hall Attorneys at Law, P.C., by Susan P. Hall, Newland, for respondent-appellant.
TYSON, Judge.
The mother of J.B. ("respondent") appeals from the 22 October 2002 order changing a prior permanency planning order, releasing Buncombe County Department of Social Services ("DSS") from all efforts to reunify respondent with her minor child, J.B. (No. COA03-807). Respondent also appeals from the 3 February 2003 order dismissing her previous appeals regarding production of medical records and the permanency planning hearings held on 13 March 2002 and 15 March 2002 (No. COA03-808). The trial court's orders in No. COA03-807 and No. COA03-808 are vacated, and the cases are remanded for the trial court to make specific findings of fact to support its conclusion of law that it possessed subject matter jurisdiction under the Uniform Child Custody Jurisdiction Act ("UCCJA") as outlined in N.C. Gen.Stat. § 50A-201.

I. Background
On 7 May 2001, DSS filed a petition alleging that J.B. was neglected and dependent. That same day, DSS obtained a non-secure custody order placing J.B. in their custody, leaving placement in the discretion of DSS. On 12 May 2001, DSS located respondent and J.B. in South Carolina, served her with the petition and custody order, took custody of J.B., and returned him to North Carolina. Respondent asserts she moved to South Carolina on 4 May 2001. The record is devoid of any direct evidence showing when respondent and J.B. moved to South Carolina. On 26 June 2001, a hearing was held regarding the non-secure custody order. The trial court determined that non-secure custody should remain with DSS.
An order was subsequently entered finding J.B. to be neglected and dependent and continuing custody of J.B. with DSS. Numerous permanency planning and review hearings were scheduled and held. At these hearings, the trial court determined that custody of J.B. should remain with DSS, leaving reunification for J.B. with respondent as the permanent plan. The trial court determined that it had jurisdiction over the subject matter and parties without making specific findings of fact on which to base this conclusion.
On 29 July 2002, a final permanency planning hearing was held. The trial court determined, again without making any specific findings of fact, that it had jurisdiction over the subject matter and parties. The trial court ordered custody of J.B. to remain with DSS and released DSS from all reunification efforts between respondent and J.B. Respondent appeals.

II. Issues
The issues are whether the trial court: (1) had subject matter jurisdiction in this matter; (2) made appropriate findings of fact in releasing DSS from reunification efforts, which were supported by clear, cogent, and convincing evidence; (3) provided J.B. with appropriate notice of the permanency planning hearings as required by N.C. Gen.Stat. § 7B-907; (4) erred in not ordering a permanency planning hearing within thirty days following the 29 July 2002 hearing; (5) abused its discretion by dismissing respondent's appeals; and (6) whether respondent's constitutional rights were violated when no audio recording of the in-chambers portion of the proceedings at issue was made.

III. Subject Matter Jurisdiction

Respondent contends that the trial court did not possess subject matter jurisdiction in this matter because J.B. and respondent were residing outside of North Carolina at the time the proceedings in this case were initiated. While jurisdiction over the person can be waived, lack of subject matter jurisdiction can be raised at any time. In re Peoples, 296 N.C. 109, 144, 250 S.E.2d 890, *796 910 (1978), cert. denied, 442 U.S. 929, 99 S.Ct. 2859, 61 L.Ed.2d. 297 (1979) (citing 3 Strong's North Carolina Index 3rd Courts § 2.1 (1976); 21 C.J.S. Courts § 28 (1940)); see also Ward v. Ward, 116 N.C.App. 643, 645, 448 S.E.2d 862, 863 (1994).
The UCCJA is set forth in N.C. Gen.Stat. § 50A-201 (2003) and "was designed to reduce interstate jurisdictional disputes in custody determinations and to prevent forum shopping by parents and other litigants dissatisfied with the results of custody cases." In re Malone, 129 N.C.App. 338, 341-342, 498 S.E.2d 836, 838 (1998) (citing N.C. Gen.Stat. § 50A-1 (1989)). "[T]he trial court must first consider whether it has jurisdiction to make a child custody order under N.C. Gen.Stat. § 50A-3 [now 50A-201] before it can exert the `exclusive original' jurisdiction granted in N.C. Gen.Stat. § 7A-289.23." In re Bean, 132 N.C.App. 363, 366, 511 S.E.2d 683, 686 (1999) (quoting In re Leonard, 77 N.C.App. 439, 335 S.E.2d 73 (1985)). "Thus, the district court may assert its jurisdiction only if to do so would be compatible with the UCCJA ...." In re Bean, 132 N.C.App. at 366, 511 S.E.2d at 686.
Our State's jurisdiction is also governed by the Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C. § 1738(A) (1980). In re Bean, 132 N.C.App. at 366, 511 S.E.2d at 686. The PKPA "was designed to remedy inconsistent interpretation of the UCCJA by different state courts and to create a uniform standard." In re Malone, 129 N.C.App. at 342, 498 S.E.2d at 838-839 (citing Meade v. Meade, 812 F.2d 1473, 1476 (4th Cir.1987)).
The trial court has jurisdiction to hear child custody issues if one of the four factors set forth in N.C. Gen.Stat. § 50A-201 is met:
(1) This State is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding, and the child is absent from this State but a parent or person acting as a parent continues to live in this State;
(2) A court of another state does not have jurisdiction under subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this State is the more appropriate forum under G.S. 50A-207 or G.S. 50A-208, and:
a. The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this State other than mere physical presence; and
b. Substantial evidence is available in this State concerning the child's care, protection, training, and personal relationships;
(3) All courts having jurisdiction under subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this State is the more appropriate forum to determine the custody of the child under G.S. 50A-207 or G.S. 50A-208; or
(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2), or (3).
N.C. Gen.Stat. § 50A-201 (2003); see also Foley v. Foley, 156 N.C.App. 409, 412-413, 576 S.E.2d 383, 385-386 (2003). "The appropriate date for home state determination is the date of the commencement of the proceeding, not the date the order is entered." Foley, 156 N.C.App. at 413, 576 S.E.2d at 386.
Here, DSS argues that the trial court had jurisdiction under N.C. Gen.Stat. § 50A-201(1), as North Carolina had been J.B.'s home state within six months before the commencement of the proceedings. Nothing in the trial court's order of 22 October 2002 states that its jurisdiction is pursuant to this statute. In numerous permanency planning hearings, including the one at bar, the trial court simply states, "[t]he Court has jurisdiction over the subject matter and parties to this action" and its orders do not contain any specific findings of fact to support this conclusion of law. No evidence in the record shows: (1) how long J.B. had lived in North Carolina at the commencement of this proceeding; (2) where J.B. and respondent were living at the commencement of this proceeding; *797 (3) when and for how long J.B. and respondent had been living in South Carolina at the commencement of this proceeding; (4) whether respondent still lived in North Carolina at the time she was served with the juvenile petition and non-secure custody order as required by N.C. Gen.Stat. § 50A-201(1); and (5) whether North Carolina was J.B.'s home state at the time DSS commenced this proceeding. Nothing in the trial court's order supports the purported conclusion of law that the court had subject matter jurisdiction other than the order's bald assertion that it did.
The determination of subject matter jurisdiction is a question of law and this Court has the "power to inquire into, and determine, whether it has jurisdiction and to dismiss an action ex mero motu when subject matter jurisdiction is lacking." Reece v. Forga, 138 N.C.App. 703, 704, 531 S.E.2d 881, 882, disc. rev. denied, 352 N.C. 676, 545 S.E.2d 428 (2000); see also Lemmerman v. A.T. Williams Oil Co., 318 N.C. 577, 580, 350 S.E.2d 83, 85-86, reh'g denied, 318 N.C. 704, 351 S.E.2d 736 (1986). However, the record is devoid of evidence from which we may ascertain whether or not the trial court possessed subject matter jurisdiction under the UCCJA and PKPA. We vacate the order filed 22 October 2002 and remand this case for findings of fact based on competent evidence to support the trial court's conclusion of law regarding subject matter jurisdiction pursuant to the UCCJA as outlined in N.C. Gen.Stat. § 50A-201. Foley, 156 N.C.App. at 413, 576 S.E.2d at 386 (citing Brewington v. Serrato, 77 N.C.App. 726, 729, 336 S.E.2d 444, 447 (1985)) (holding a trial court assuming jurisdiction over a child custody matter must make specific findings of fact to support its action).
In light of our holding, we do not reach respondent's other assignments of error. The order in respondent's related appeal, No. COA03-808, is also vacated and remanded pursuant to the instructions of this decision.

IV. Conclusion
The trial court's orders in No. COA03-807 and No. COA03-808 are vacated, and the cases are remanded for the trial court to make specific findings of fact to support its conclusion of law that it possessed subject matter jurisdiction under the UCCJA and PKPA as outlined in N.C. Gen.Stat. § 50A-201.
Vacated and remanded.
Judges WYNN and HUNTER concur.