KENDRA TROY WILLIAMS, Plaintiff v. MICHAEL LAWRENCE WALKER, Defendant, and LARRY WALKER and MARIE B. WALKER, Intervenors

No. COA06-781

(Filed 21 August 2007)

**1. Child Support, Custody, and Visitation— custody—motion to intervene—standing—paternal grandparents**

The trial court did not abuse its discretion in a child custody case by granting intervenor paternal grandparents' N.C.G.S. § 1A-1, Rule 60(b) motion even though plaintiff mother contends they lacked standing, because: (1) plaintiff failed to assign error to the trial court's order granting the motion to intervene, and the record contains no objection by plaintiff to the motion; and (2) an intervening party has standing to seek relief from a judgment under Rule 60(b).

**2. Appeal and Error— preservation of issues—failure to argue**

Although plaintiff mother contends the trial court erred in a child custody case by concluding that intervenor paternal grandparents' N.C.G.S. § 1A-1, Rule 60(b) motion was untimely, this assignment of error is dismissed under N.C. R. App. P. 10(b)(1) because: (1) the record contains no indication that plaintiff argued the timeliness of intervenors' motion before the trial court; and (2) plaintiff did not contend in her written opposition to a motion for relief from judgment that the Rule 60(b) motion was untimely, and the trial court made no finding or ruling with respect to the issue of timeliness.

**WILLIAMS v. WALKER**

[185 N.C. App. 393 (2007)]

3. **Child Support, Custody, and Visitation— custody— jurisdiction—PKPA-UCCJEA**

The trial court erred in a child custody case by finding and concluding in a 6 October 2005 order that it was without jurisdiction to enter its 15 July 2003 order, because: (1) although the Court of Appeals could not determine whether the original Illinois order was made consistently with the Parental Kidnapping Prevention Act (PKPA), the Illinois court relinquished jurisdiction in its 14 July 2003 order to the North Carolina court, and the North Carolina court properly assumed exclusive jurisdiction over custody matters involving the parties' minor child; (2) an unchallenged finding of fact stated the minor child has resided with plaintiff in North Carolina since 12 July 2002, and thus consistent with 28 U.S.C. 1738A(f)(1), North Carolina was the minor child's home state under both PKPA and the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA); and (3) although the Illinois court subsequently held a hearing during which it learned of intervenors' guardianship, the Illinois court's attempt to recapture jurisdiction was ineffectual when it had already relinquished jurisdiction on 14 July 2003.

Judge WYNN dissenting.

Appeal by plaintiff from order entered 6 October 2005 by Judge Phyllis M. Gorham in New Hanover County District Court. Heard in the Court of Appeals 6 March 2007.

*Fred D. Webb, Jr., for plaintiff-appellant.*

*No brief filed, for defendant-appellee.*

*No brief filed, for intervenors-appellees.*

JACKSON, Judge.

This appeal arises out of competing custody orders entered in Illinois and North Carolina with respect to M.L.W., the minor child of Kendra Troy Williams ("plaintiff") and Michael Lawrence Walker ("defendant"). For the following reasons, we affirm in part and reverse in part the trial court's 6 October 2005 order.

M.L.W. ("the minor child") was born in Wilmington, North Carolina, on 9 September 1992. At the time, plaintiff was in high school and determined that she was unable to provide adequate care for the minor child. Larry and Maria Walker ("the Walkers"), the

**WILLIAMS v. WALKER**

[185 N.C. App. 393 (2007)]

minor child's paternal grandparents and residents of Illinois, offered to care for the child, and around December 1992, plaintiff placed the minor child with the Walkers. On 7 April 1993, the Circuit Court of Cook County, Illinois ("the Illinois court") entered an order granting guardianship and custody of the minor child to the Walkers. The Walkers have alleged that they have been the minor child's primary caretakers since they were appointed as guardians and that the minor child continued to reside with them until 12 July 2002, when the minor child visited plaintiff in North Carolina and plaintiff refused to return him to the Walkers. Plaintiff has alleged the minor child lived with her from April 1993 until 1996, when the Walkers took him to Illinois for a visit and refused to return him to North Carolina. Plaintiff also has alleged that while the minor child was in the Walkers' custody, she maintained regular contact with him, purchased clothes and other items for him, and sent him cards on special occasions.

· Plaintiff has alleged that on 24 July 2001, she was served with a motion for parentage filed in Illinois by defendant, who, according to plaintiff, has spent little time with the minor child, despite acknowledging paternity. Thereafter, according to plaintiff, (1) a hearing was held in Illinois on 7 September 2001; (2) she was granted visitation with the minor child; (3) she visited the minor child in September 2001, but was not allowed to visit in October 2001, notwithstanding the Illinois court's ordering visitations; (4) on 2 November 2001, she went to mediation in Illinois and the Walkers were present at the mediation; and (5) she and defendant reached a partial agreement at the mediation.

On 1 October 2002, plaintiff filed suit in the District Court of New Hanover County, North Carolina ("the North Carolina court"), requesting that the North Carolina court assume jurisdiction and modify the Illinois custody order. In her complaint, plaintiff alleged that the minor child's home state is North Carolina and that Illinois no longer has any connection with the matter except that defendant continues to reside in Illinois.[1] On 30 May 2003, the Illinois court held a hearing on a motion for visitation violation filed by defendant. By order filed 14 July 2003, the Illinois court (1) granted defendant leave to transfer his motion in the pending case to North Carolina; and (2) removed the matter from its calendar. On 15 July 2003, the North

---

1. The complaint, however, also alleges that "[t]he Defendant is a resident of Puerto Rico," and the North Carolina court found that defendant "is in the military currently stationed in Puerto Rico."

Carolina court granted plaintiff's motion and entered an order (1) asserting jurisdiction as to custody and visitation of the minor child as a result of Illinois' yielding jurisdiction to North Carolina; (2) granting plaintiff custody of the minor child; and (3) expressly retaining jurisdiction for the entry of further orders.

Thereafter, on 26 February 2004, the Illinois court entered an order granting defendant sole temporary custody of the minor child. In its order, the court found "that [defendant] stated that there are no matters pending in any other jurisdiction and that a prior matter in North Carolina had been closed." On 22 April 2004, the Illinois court entered an order finding that the Walkers—the minor child's legal guardians—were not made parties to the North Carolina custody action. The Illinois court presumed that North Carolina had not been made aware of the prior guardianship order granting custody to the Walkers. The Illinois court (1) ordered defendant to assist in securing a copy of the court file in the North Carolina action filed by plaintiff; and (2) continued the case to 25 June 2004.

On 21 July 2004, the Walkers ("intervenors") filed a motion to intervene in the North Carolina court action, alleging that they "were appointed the legal guardians of the minor child in the State of Illinois on April 7, 1993." Intervenors also filed a motion for relief from the North Carolina court's 15 July 2003 order assuming jurisdiction. By order filed 20 August 2004, the North Carolina court granted the motion to intervene. On 6 October 2005, the North Carolina court entered an order concluding that (1) the State of Illinois had neither waived nor yielded jurisdiction to the State of North Carolina; and (2) North Carolina had no jurisdiction over the case. The court granted intervenors' motion for relief and stayed the 15 July 2003 order asserting jurisdiction and granting custody to plaintiff. Plaintiff filed timely notice of appeal.

[1] Plaintiff first contends that the North Carolina court erred in granting intervenors' Rule 60(b) motion because intervenors lacked standing to bring the motion. We disagree.

"On appeal, this Court's review of the trial court's Rule 60(b) ruling 'is limited to determining whether the trial court abused its discretion.' " *Barton v. Sutton*, 152 N.C. App. 706, 709, 568 S.E.2d 264, 266 (2002) (quoting *Moss v. Improved Benevolent & Practice Order of Elks*, 139 N.C. App. 172, 176, 532 S.E.2d 825, 829 (2000)). "Abuse of discretion is shown only when the court's decision 'is manifestly unsupported by reason or is so arbitrary that it could not have been

the result of a reasoned decision.' " *Id.* at 710, 568 S.E.2d at 266 (quoting *State v. McDonald*, 130 N.C. App. 263, 267, 502 S.E.2d 409, 413 (1998)).

In the instant case, plaintiff contends that intervenors had no right under the Uniform Child Custody and Jurisdiction Enforcement Act to bring a Rule 60(b) motion; rather, "the grandparents could only seek visitation under [North Carolina General Statutes, section] 50-13.5(j) by filing a motion in the cause and a showing of changed circumstances." Plaintiff essentially argues that intervenors lacked standing to intervene and thus lacked standing to pursue their Rule 60(b) motion. Plaintiff, however, has not assigned error to the trial court's order granting the motion to intervene, and the record contains no objection by plaintiff to the motion. Therefore, the trial court's order granting the motion to intervene is binding on appeal. *See* N.C. R. App. P. 10(a) (2006).

"After intervention, an intervenor is as much a party to the action as the original parties are and has rights equally as broad. . . . Once an intervenor becomes a party, he should be *a party for all purposes.*" *Leonard E. Warner, Inc. v. Nissan Motor Corp.*, 66 N.C. App. 73, 78-79, 311 S.E.2d 1, 4-5 (1984) (emphasis added). The plain language of Rule 60(b) provides that "the court may relieve *a party* . . . from a final judgment." N.C. Gen. Stat. § 1A-1, Rule 60(b) (2005) (emphasis added). An intervening party thus has standing to seek relief from a judgment pursuant to Rule 60(b). *See, e.g., Barton*, 152 N.C. App. 706, 568 S.E.2d 264.[2] Therefore, intervenors in the instant case had standing to seek relief pursuant to Rule 60(b) from the trial court's 15 July 2003 custody order. Accordingly, plaintiff's assignment of error is overruled.

**[2]** In her second assignment of error, plaintiff contends that intervenors' Rule 60(b) motion was untimely. However, plaintiff has failed to preserve this issue for appellate review.

Rule 60(b) of the North Carolina Rules of Civil Procedure provides that a court may relieve a party from a judgment or order because: (1) of mistake, surprise, or excusable neglect; (2) of newly discovered evidence that could not have been timely discovered by due diligence; (3) of fraud, misrepresentation, or other misconduct; (4) the judgment or order is void; (5) the judgment or order has

---

2. Much as in the instant case, the intervening party in *Barton* filed its Rule 60(b) motion prior to the trial court's ruling on its motion to intervene. *See Barton*, 152 N.C. App. at 708, 568 S.E.2d at 265.

been satisfied or discharged, or a prior judgment or order upon which it is based has been reversed or vacated; or (6) any other equitable justification for relief from the judgment or order. *See* N.C. Gen. Stat. § 1A-1, Rule 60(b) (2005). Rule 60(b) motions premised on subsections (1), (2), and (3) of Rule 60(b) must be made "not more than one year after the judgment, order, or proceeding was entered or taken." N.C. Gen. Stat. § 1A-1, Rule 60(b) (2005). Rule 60(b) further requires that a motion based upon any of the subsections be made within a reasonable time. *See id.* "What constitutes a 'reasonable time' depends upon the circumstances of the individual case." *Nickels v. Nickels*, 51 N.C. App. 690, 692, 277 S.E.2d 577, 578, *disc. rev. denied*, 303 N.C. 545, 281 S.E.2d 392 (1981).

In the case *sub judice*, the record contains no indication that plaintiff argued the timeliness of intervenors' motion before the trial court. Plaintiff did not contend in her written Opposition to Motion for Relief from Judgment that the Rule 60(b) motion was untimely, and the trial court made no finding or ruling with respect to the issue of timeliness. Accordingly, this issue has not been preserved for our review. *See* N.C. R. App. P. 10(b)(1) (2006).

**[3]** Finally, plaintiff challenges the North Carolina court's conclusion—as well as the findings supporting its conclusion—that it was without jurisdiction to enter its 15 July 2003 order. Specifically, plaintiff assigns error to the following findings of fact from the North Carolina court's 6 October 2005 order:

6. That at the time that Judge Smith heard this matter in North Carolina, there were still matters pending in the State of Illinois and all of Judge Smith's rulings were dependent on whether or not Illinois was going to continue to maintain jurisdiction over the minor child the subject of this action.

. . . .

8. That there had been some mentioning in one of the Illinois Orders previously of the guardianship, however, the court in Illinois, after having reviewed the guardianship, made the determination at that time that they retained jurisdiction of the case in the State of Illinois.

. . . .

10. This Court finds that North Carolina has not had jurisdiction over this case, in that the Court in the State of Illinois determined that they never lost jurisdiction . . . .

Based upon these findings, the North Carolina court made the following conclusion of law, to which plaintiff assigns error: "The State of Illinois has neither waived nor yielded jurisdiction to the State of North Carolina, and the State of North Carolina has no jurisdiction to proceed with this matter."

"Subject matter jurisdiction, a threshold requirement for a court to hear and adjudicate a controversy brought before it, is conferred upon the courts by either the North Carolina Constitution or by statute." *In re M.B.*, 179 N.C. App. 572, 574, 635 S.E.2d 8, 10 (2006) (internal quotation marks and citations omitted). North Carolina's jurisdiction over child custody matters is governed by both the federal Parental Kidnapping Prevention Act ("PKPA")[3] and the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") as enacted in North Carolina. *See In re Brode*, 151 N.C. App. 690, 692-94, 566 S.E.2d 858, 860-61 (2002).

> The UCCJEA is a jurisdictional statute, and the jurisdictional requirements of the UCCJEA must be met for a court to have power to adjudicate child custody disputes. The PKPA is a federal statute also governing jurisdiction over child custody actions and is designed to bring uniformity to the application of the UCCJEA among the states.

*Foley v. Foley*, 156 N.C. App. 409, 411, 576 S.E.2d 383, 385 (2003). "[T]he PKPA is applicable to all interstate custody proceedings affecting a prior custody award by a different state," *In re Van Kooten*, 126 N.C. App. 764, 769, 487 S.E.2d 160, 163 (1997), *appeal dismissed*, 347 N.C. 576, 502 S.E.2d 618 (1998), and "[t]o the extent a state cus-

---

3. We note that plaintiff fails to address the PKPA in her brief. Failure to argue the PKPA has been addressed by the Supreme Court of Pennsylvania:

Distressingly, while both parties address the jurisdictional prerequisites of the UCCJA [the predecessor to the UCCJEA] at Sections 5344 and 5355, neither party addresses the PKPA, a disturbing omission because this statute is a controlling authority regarding whether Pennsylvania has jurisdiction to modify the Texas decree. Ordinarily, this failure would result in our inability to address the matter, as it would be deemed waived. However, while Father does not specifically address the PKPA, he at all times questioned whether the trial court should have declined jurisdiction. In that way, he raised the general issue of whether the trial court had subject matter jurisdiction to hear the Petition. Moreover, since this issue implicates the courts' subject matter jurisdiction to modify a Texas custody and visitation determination, this Court can raise the matter *sua sponte*, as it can not be waived.

*In re Adoption of N.M.B.*, 764 A.2d 1042, 1045 n.1 (Pa. 2000) (internal citation omitted).

tody statute conflicts with the PKPA, the federal statute controls." *Brode*, 151 N.C. App. at 694, 566 S.E.2d at 861.

Pursuant to the PKPA, "every State shall enforce . . . and shall not modify . . . any custody determination or visitation determination made . . . by a court of another State." 28 U.S.C. § 1738A(a). The Act further provides that "[t]he jurisdiction of a court of a State which has made a child custody or visitation determination . . . continues as long as . . . such State remains the residence of the child or of any contestant." 28 U.S.C. § 1738A(d). As the United States Supreme Court has noted, "[o]nce a State exercises jurisdiction consistently with the provisions of the [PKPA], no other State may exercise concurrent jurisdiction over the custody dispute, even if it would have been empowered to take jurisdiction in the first instance, and all States must accord full faith and credit to the first State's ensuing custody decree." *Thompson v. Thompson*, 484 U.S. 174, 176, 98 L. Ed. 2d 512, 518-19 (1988) (internal citation omitted).

In the case *sub judice*, the threshold inquiry with respect to subject matter jurisdiction is whether the North Carolina court's 15 July 2003 order constitutes a modification of a prior order made consistently with the provisions of the PKPA. *See* 28 U.S.C. § 1738A(a). A child custody or visitation determination is consistent with the provisions of the PKPA only if: (1) the court making the determination has jurisdiction under the laws of its state; and (2) one of the following conditions is satisfied:

(A) such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child's home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State;

(B) (i) it appears that no other State would have jurisdiction under subparagraph (A), and (ii) it is in the best interest of the child that a court of such State assume jurisdiction because (I) the child and his parents, or the child and at least one contestant, have a significant connection with such State other than mere physical presence in such State, and (II) there is available in such State substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

(C) the child is physically present in such State and (i) the child has been abandoned, or (ii) it is necessary in an emergency to

protect the child because the child, a sibling, or parent of the child has been subjected to or threatened with mistreatment or abuse;

(D) (i) it appears that no other State would have jurisdiction under subparagraph (A), (B), (C), or (E), or another State has declined to exercise jurisdiction on the ground that the State whose jurisdiction is in issue is the more appropriate forum to determine the custody or visitation of the child, and (ii) it is in the best interest of the child that such court assume jurisdiction; or

(E) the court has continuing jurisdiction pursuant to subsection (d) of this section.

28 U.S.C. § 1738A(c). If these conditions are met, the PKPA permits the North Carolina court to modify the original Illinois order only if: (1) North Carolina "has jurisdiction to make such a child custody determination"; and (2) Illinois "no longer has jurisdiction, or it has declined to exercise such jurisdiction." 28 U.S.C. § 1738A(f). If the conditions set forth in section 1738A(c) are not satisfied, however, the UCCJEA, and not the PKPA, governs modification of the Illinois custody order. Given the dearth of evidence in the record concerning the Illinois court's basis for its 7 April 1993 custody order, we cannot determine whether the original Illinois order was made consistently with the PKPA. However, it is clear that the Illinois court relinquished jurisdiction in its 14 July 2003 order to the North Carolina court and that the North Carolina court properly assumed exclusive jurisdiction over custody matters involving the parties' minor child.

First, pursuant to the PKPA, a state court may modify a child custody order if: (1) the modifying state "has jurisdiction to make such a child custody determination"; and (2) the original "[s]tate no longer has jurisdiction, or it has declined to exercise such jurisdiction." 28 U.S.C. § 1738A(f). As explained by one North Carolina federal court, "[a] determination must be made whether the second state court (North Carolina) itself has subject matter jurisdiction to decide custody matters. If the second state lacks jurisdiction to make an initial custody determination, it is axiomatic that it lacks authority to modify the prior decree of another state." *Meade v. Meade*, 650 F. Supp. 205, 209 (M.D.N.C. 1986), *aff'd*, 812 F.2d 1473 (4th Cir. 1987). Here, the North Carolina court had jurisdiction to make such a child custody determination as required by section 1738A(f)(1). In the order granting intervenors' motion for relief, finding of fact number 3, which is not challenged and thus is binding on appeal, states that the minor

child has resided with plaintiff in North Carolina since 12 July 2002. Thus, the minor child resided with a parent for a period of more than six months immediately preceding the commencement of the instant custody proceeding, and as such, North Carolina is properly the minor child's home state pursuant to both the PKPA and the UCCJEA as codified in North Carolina. *See* 28 U.S.C. § 1738A(b)(4); N.C. Gen. Stat. § 50A-102(7) (2005). Therefore, North Carolina had jurisdiction to make such a custody determination. *See* 28 U.S.C. § 1738A(c)(2)(A)(ii); N.C. Gen. Stat. § 50A-201(a)(1) (2005); *see also Meade*, 650 F. Supp. at 209 ("Thus the presence of 'home state' jurisdiction under North Carolina law confers authority on the state court to make a custody determination in this case.").

"However, the existence of jurisdiction in North Carolina to make an initial custody award does not enable the North Carolina court to modify [Illinois'] prior decree unless the requirements of Section 1738A(f)(2) are satisfied . . . ." *Meade*, 650 F. Supp. at 209 (internal quotation marks and citation omitted). By order entered 14 July 2003, the Illinois court "granted [defendant] leave to transfer this case to the pending case in the State of North Carolina" and removed the matter from its calendar. As such, the Illinois court relinquished jurisdiction over the instant custody matter.[4] *Cf. Krier v. Krier*, 676 So. 2d 1335, 1338 (Ala. Civ. App. 1996) (holding that the Alabama court had jurisdiction to modify a prior Kansas custody order pursuant to section 1738A(f) "because the Kansas court had declined to exercise jurisdiction in favor of allowing the Alabama court to decide the issues"). Therefore, when the North Carolina court entered its custody order on 15 July 2003, North Carolina acquired jurisdiction to the exclusion of Illinois. *See Thompson*, 484 U.S. at 176, 98 L. Ed. 2d at 518 (noting that the PKPA prohibits concurrent jurisdiction once one state exercises jurisdiction consistent with the PKPA).

Next, pursuant to the UCCJEA, one of the means by which a North Carolina court may modify a custody determination of another state is if the North Carolina court finds that the court of the other

---

4. We note that the Illinois court transferred defendant's visitation violation to North Carolina. As such, it could be argued that Illinois only declined to exercise jurisdiction with respect to a visitation determination. *See* 28 U.S.C. § 1738A(h) ("A court of a State may not modify a visitation determination made by a court of another State unless the court of the other State . . . has declined to exercise jurisdiction to modify such determination."). However, the Illinois court expressly granted leave to transfer the case into the North Carolina case, which involved a complaint requesting that the North Carolina court assume jurisdiction over visitation *and custody*. Accordingly, the requirements of section 1738A(f)(2) are satisfied, and section 1738A(h) is inapplicable.

state determines it no longer has exclusive, continuing jurisdiction. *See* N.C. Gen. Stat. § 50A-203 (2005); *see also In re N.R.M.*, 165 N.C. App. 294, 300, 598 S.E.2d 147, 151 (2004). As this Court has noted, " 'the original decree State is the sole determinant of whether jurisdiction continues. A party seeking to modify a custody determination must obtain an order from the original decree State stating that it no longer has jurisdiction.' " *N.R.M.*, 165 N.C. App. at 300, 598 S.E.2d at 151 (quoting N.C. Gen. Stat. § 50A-202 cmt.).

In *N.R.M.*, this Court determined that Arkansas, the original decree state, had not declined jurisdiction and that as a result, North Carolina lacked subject matter jurisdiction. *See id.* Specifically, this Court noted that "there is no Arkansas order in the record stating that Arkansas no longer has jurisdiction" and that Arkansas clearly indicated it was not declining jurisdiction. *See id.* Unlike *N.R.M.*, however, the record in the instant case contains an order filed by the Illinois court on 14 July 2003 relinquishing exclusive jurisdiction over the custody of the minor child. As discussed *supra*, the Illinois court granted defendant leave to transfer his motion for visitation violation to North Carolina, which involved not only visitation but also custody. The Illinois court thus ordered: "This matter is taken off call." Although the Illinois court subsequently held a hearing during which it learned of intervenors' guardianship, the Illinois court's attempt to recapture jurisdiction was ineffectual. After the Illinois court relinquished jurisdiction on 14 July 2003, the North Carolina court possessed exclusive, continuous jurisdiction over the matter, and in its 15 July 2003 order, the North Carolina court expressly retained jurisdiction for the entry of further orders in this matter.

In sum, we hold that the North Carolina court correctly determined on 15 July 2003 that it possessed jurisdiction to grant custody of the minor child to plaintiff. Accordingly, we reverse the North Carolina court's 6 October 2005 order, which stayed its prior 15 July 2003 order.

Plaintiff's remaining assignments of error not argued in her brief are deemed abandoned. *See* N.C. R. App. P. 28(b)(6) (2006).

Affirmed in part; and Reversed in part.

Judge STEELMAN concurs.

Judge WYNN dissents in a separate opinion.

WYNN, Judge, dissenting.

Although "a court has inherent power to inquire into, and determine, whether it has jurisdiction and to dismiss an action *ex mero motu* when subject matter jurisdiction is lacking[,]" *In re N.R.M.*, 165 N.C. App. 294, 297, 598 S.E.2d 147, 149 (citation omitted), this inherent power should be exercised only "[w]hen the record clearly shows that subject matter jurisdiction is lacking. . . ." *Id.* (quoting *Lemmerman v. Williams Oil Co.*, 318 N.C. 577, 580, 350 S.E.2d 83, 86 (1986)). Because the record on appeal supports the trial court's conclusion that the State of Illinois, not North Carolina, had jurisdiction over this custody matter, I would affirm the trial court's order.

In this matter, a child was born to a high school mother in 1992. The biological mother, unable to care for the child, consented to the child living in the State of Illinois with his paternal grandparents. Moreover, it appears the biological mother consented to an Illinois order of guardianship for the grandparents.[5]

In July 2002, the grandparents allowed the minor child to visit the biological mother in North Carolina; however, instead of returning the child to Illinois, the biological mother filed a complaint in October 2002 in New Hanover County, North Carolina, seeking an assumption of jurisdiction by North Carolina.

Thereafter, the putative father, who apparently had little involvement with the child, obtained an Illinois order stating:

THIS MATTER coming to be heard for status and Michael Walker's **Motion for Visitation Violation**;

Michael Walker present and Kendra Williams failing to appear[.] The court being duly advised in the premises IT IS HEREBY ORDERED

1) Child Representative Ruth R. Watson is discharged instanter.

2) Michael Walker is **granted leave** to transfer the case into the pending case in the State of North Carolina.

3) this matter is taken off call.

(Emphasis added).

---

5. *See Petersen v. Rogers*, 337 N.C. 397, 402-03, 445 S.E.2d 901, 903 (1994) (providing that a parent may no longer enjoy a paramount status if his or her conduct is inconsistent with this presumption or if he or she fails to shoulder the responsibilities that are attendant to rearing a child).

Acting upon this order obtained by the sole actions of the putative father, on 15 July 2003, District Court Judge John W. Smith of New Hanover County, North Carolina, issued an order asserting jurisdiction over this custody matter. The order made no reference to the Illinois Guardianship Order, nor were the grandparents made parties to the North Carolina action.

Sometime thereafter, the Illinois court apparently discovered that the earlier order issued by Illinois at the behest of the putative father was issued without advisement of the prior order of guardianship. As a result, the Illinois Court ordered the putative father to obtain the North Carolina court file.(Rpp. 18-9).

Subsequently, the grandparents filed a motion to intervene in the pending action in North Carolina, and their motion was granted on 20 August 2004. Judge Smith continued the proceedings concerning the grandparents' motion for relief from the order assuming jurisdiction until completion of the proceedings in Illinois.

Thereafter, District Court Judge Phyllis M. Gorham of New Hanover County, North Carolina, issued an order on 6 October 2005 finding:

3. That the Interveners were appointed Guardians for the minor child the subject of this action on April 7, 1993, in an Order in Cook County, Illinois File No.: 1993 P 1023, and that Order of Guardianship has never been set aside; subsequently, there was an action filed by the Defendant in Illinois for custody of the minor child in Cook County, Illinois file no. 01 D 79852; that the minor child was; placed with the Interveners by the Plaintiff and Defendant in December of 1992 when the minor child was approximately three (3) months old, and the minor child continued to reside with the Interveners from April 7, 1993 per the Guardianship Order in Cook County file no. 1993 P 1023 until on or about July 12, 2002 when the minor child came to visit the Plaintiff/Mother in North Carolina; that the Plaintiff has never returned the minor child to the State of Illinois.

4. That on July 16, 2003, the New Hanover County Court, the Honorable John W. Smith, entered an Order in this action asserting jurisdiction as to custody and visitation of the minor child the subject of this action, and granting the Plaintiff/Mother custody of the minor child upon the State of Illinois's yielding jurisdiction to the State of North Carolina in Illinois file no. 01 D 79852; that

subsequent to the July 16, 2003 Order, and more particularly, on February 26, 2004, the State of Illinois, in the same case file, 01 D 79852, entered an Order by and through the Honorable Allan W. Masters whereby the Defendant, Michael Walker, Sr., was granted the sole temporary custody of the minor child, and all parties were ordered to appear at a hearing on April 22, 2004; that the Honorable Allan W. Masters entered a subsequent Order on April 22, 2004, finding as a fact that the Interveners, legal guardians of the minor child, were never made parties to the custody action in Cook County file no. 01 D 79852, and that the Court presumed that North Carolina was never made aware of the still valid Order of Guardianship granted the Interveners in 1993, and continued the case to June 25, 2004; that on June 25, 2004, a status call hearing was set at which time the custody action in Cook County file no. 01 D 79852 was continued to August 27, 2004; that the Interveners filed this Motion to Intervene and Motion for Relief from Judgment/Order on July 21, 2004; that there have been several court settings and hearings in the custody action in file no. 01 D 79852 since August 27, 2004; that the Honorable John W. Smith granted the Interveners Motion to Intervene on or about August 20, 2004, based on the assumption that at the time the North Carolina action was filed that the Interveners retained a **valid GUARDIANSHIP in the State of Illinois,, (sic) but** the Interveners' **Motion for Relief from "Order Assuming Jurisdiction"** was **CONTINUED** until completion of the proceedings in Illinois, which had previously yielded jurisdiction to this Court.

5. That this Court has reviewed the file in this action, all of the orders in Illinois case files, the Guardianship Order from the state of Illinois, and the Orders entered by Judge John W. Smith here in North Carolina.

6. That at the time that Judge Smith heard this matter in North Carolina, there were still matters pending in the State of Illinois and all of Judge Smith's rulings were dependent on whether or not Illinois was going to continue to maintain jurisdiction over the minor child the subject of this action.

7. That at the time that Judge Smith entered the Order on July 15, 2003 granting the Plaintiff, Ms. Williams, custody of the minor child, there had been an order of May 30, 2003 from the State of Illinois transferring jurisdiction of the case to North Carolina;

WILLIAMS v. WALKER

[185 N.C. App. 393 (2007)]

subsequent to that Order, there had also been a court hearing in the State of Illinois which had been brought to the attention of the Illinois Court that there was a guardianship that the . . . [paternal] grandparents, and Interveners in this action, Larry Walker and Maria Walker, had since 1993.

8. That there had been some mentioning in one of the Illinois Orders previously of the guardianship, however, the court in Illinois, after having reviewed the guardianship, made the determination at that time that they retained jurisdiction of the case in the State of Illinois.

9. That since that time, and while the minor child . . . was residing in the State of North Carolina, there have been hearings in the State of North Carolina and there have been continuous hearings in the State of Illinois regarding the custody of the child.

10. This Court finds that North Carolina has not had jurisdiction over this case, in that the Court in the State of Illinois determined that they never lost jurisdiction because there were matters of which they were not aware that the order transferring jurisdiction to North Carolina from Illinois; therefore the Court finds that the Order Assuming Jurisdiction must be stayed.

(Emphasis in original).

In the case at hand, the record on appeal supports the trial court's findings of fact, and in turn the findings of fact support the conclusion of law. Furthermore, the biological mother only assigns error to findings of fact numbers six, eight, and ten. Therefore, the remaining unchallenged findings of fact are binding on appeal. *See State v. Eason*, 336 N.C. 730, 745, 445 S.E.2d 917, 926 (1994), *cert. denied*, 513 U.S. 1096, 130 L. Ed. 2d 661 (1995) (providing that the trial court's findings of fact "are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting." (citation omitted)); *State v. Howell*, 343 N.C. 229, 239, 470 S.E.2d 38, 43 (1996) ("Conclusions of law that are correct in light of the findings are also binding on appeal.") Accordingly, the trial court order should be affirmed.