KAREN RENEE GASSER v. ERIK JAMES SPERRY

No. 8828DC513

(Filed 21 February 1989)

**Divorce and Alimony § 26.1— child custody—full faith and credit given to Florida order—order overturned on appeal**

Plaintiff's appeal from the trial court's order giving full faith and credit to a Florida child custody modification order is dismissed where plaintiff appealed the modification order in Florida, and the Florida appellate court determined that the Florida trial court had no jurisdiction over the children and vacated the order.

Judge EAGLES concurs in the result.

APPEAL by plaintiff from *Roda (Peter C.), Judge.* Judgment entered 5 January 1988 in District Court, BUNCOMBE County. Heard in the Court of Appeals 27 October 1988.

*Scott E. Jarvis for plaintiff-appellant.*

*John E. Shackelford for defendant-appellee.*

GREENE, Judge.

This appeal arises from plaintiff's attempt to enforce a Florida order granting her custody of three minor children born during her marriage to defendant. Upon the parties' Florida divorce in November 1984, a Florida court granted plaintiff custody of all four children born during the marriage. However, it appears the Florida court modified the original custody order in March 1987 to transfer custody of the daughter Erin Rebekah Sperry to defendant while leaving custody of the three other children with plaintiff. After this order (the "First Modification Order") was entered, plaintiff and the three remaining minor children moved to North Carolina. However, in June 1987, the Florida court entered another order (the "Second Modification Order") which transferred custody of the remaining three minor children to defendant.

GASSER v. SPERRY

[93 N.C. App. 72 (1989)]

In September 1987, plaintiff filed suit in North Carolina to enforce her right to custody of the minor children. Plaintiff alleged the Florida court did not have jurisdiction to enter the Second Modification Order. Conversely, defendant asserted the Second Modification Order was a valid judgment entitled to full faith and credit in the courts of North Carolina and requested the North Carolina court order plaintiff to deliver the remaining minor children in accord with the Second Modification Order. Pending plaintiff's Florida appeal of the Second Modification Order, the North Carolina trial court determined the Second Modification Order was entitled to full faith and credit and ordered custody of the minor children transferred to defendant.

However, the North Carolina trial court's order stated that, "this Order [is] being entered subject to being modified if the Florida Court shall hereafter sustain the appeal of [plaintiff], and if said Order is sustained, the courts of North Carolina and Florida shall have further proceedings to determine jurisdiction." After the North Carolina court's order was appealed to this court and the case argued, the Florida District Court of Appeals held, among other things, that the Florida trial court had no jurisdiction to enter the Second Modification Order and vacated that order. The Florida Supreme Court has declined to review that decision of the Florida District Court of Appeals. As the North Carolina trial court's order was entered subject to the Florida determination which has now occurred, we dismiss this appeal and remand the case for further proceedings.

If either party on remand desires our own courts to enforce or modify any remaining Florida orders concerning custody of these children, such efforts shall be governed by the federal Parental Kidnapping Prevention Act of 1980[1] ("PKPA") and our own

---

1. 28 U.S.C.A. 1738A:

Full faith and credit given to child custody determinations

(a) The appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsection (f) of this section, any child custody determination made consistently with the provisions of this section by a court of another State.

(b) As used in this section, the term —

(1) "child" means a person under the age of eighteen;

(2) "contestant" means a person, including a parent, who claims a right to custody or visitation of a child;

GASSER v. SPERRY

[93 N.C. App. 72 (1989)]

Uniform Child Custody Jurisdiction Act ("UCCJA"). 28 U.S.C.A. Sec. 1738A (West Supp. 1988); N.C.G.S. Sec. 50A (1984). The PKPA establishes national policy in the area of custody jurisdiction. To

(3) "custody determination" means a judgment, decree, or other order of a court providing for the custody or visitation of a child, and includes permanent and temporary orders, and initial orders and modifications;

(4) "home State" means the State in which, immediately preceding the time involved, the child lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old, the State in which the child lived from birth with any of such persons. Periods of temporary absence of any of such persons are counted as part of the six-month or other period;

(5) "modification" and "modify" refer to a custody determination which modifies, replaces, supersedes, or otherwise is made subsequent to, a prior custody determination concerning the same child, whether made by the same court or not;

(6) "person acting as a parent" means a person, other than a parent, who has physical custody of a child and who has either been awarded custody by a court or claims a right to custody;

(7) "physical custody" means actual possession and control of a child; and

(8) "State" means a State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, or a territory or possession of the United States.

(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if—

(1) such court has jurisdiction under the law of such State; and

(2) one of the following conditions is met:

(A) such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child's home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State;

(B)(i) it appears that no other State would have jurisdiction under subparagraph (A), and (ii) it is in the best interest of the child that a court of such State assume jurisdiction because (I) the child and his parents, or the child and at least one contestant, have a significant connection with such State other than mere physical presence in such State, and (II) there is available in such State substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

GASSER v. SPERRY

[93 N.C. App. 72 (1989)]

the extent any state custody statutes conflict with its provisions, the PKPA controls. *See Thompson v. Thompson,* 484 U.S. ---, 108 S.Ct. 513, 517, 98 L.Ed. 2d 512, 521 (1988) (PKPA imposes uniform national standards for allocating and enforcing custody determinations).

Appeal dismissed.

Judge BECTON concurs.

Judge EAGLES concurs in the result.

---

(C) the child is physically present in such State and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse;

(D)(i) it appears that no other State would have jurisdiction under subparagraph (A), (B), (C), or (E), or another State has declined to exercise jurisdiction on the ground that the State whose jurisdiction is in issue is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that such court assume jurisdiction; or

(E) the court has continuing jurisdiction pursuant to subsection (d) of this section.

(d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant.

(e) Before a child custody determination is made, reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated and any person who has physical custody of a child.

(f) A court of a State may modify a determination of the custody of the same child made by a court of another State, if—

(1) it has jurisdiction to make such a child custody determination; and

(2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.

(g) A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination.