BECK v. BECK

[123 N.C. App. 629 (1996)]

RODNEY D. BECK, Plaintiff-Appellee v. CHRISTINE LYNN BECK, Defendant-Appellant

No. COA95-1199

(Filed 20 August 1996)

1. **Divorce and Separation § 494 (NCI4th)— child born in North Carolina—father in Kentucky—North Carolina as home state—North Carolina court's refusal to exercise jurisdiction—error**

    Where one of the parties' children was born in North Carolina and resided here with his mother, North Carolina was the "home state"; Kentucky, the state in which plaintiff filed his divorce petition, did not have jurisdiction to enter the initial custody decree with respect to that child and the parties were therefore not bound by it; and the trial court erred in refusing to assume jurisdiction of defendant's action to modify the custody order with respect to that child. N.C.G.S. § 50A-3(1).

    **Am Jur 2d, Divorce and Separation §§ 963, 964.**

    **What types of proceedings or determinations are governed by the Uniform Child Custody Jurisdiction Act (UCCJA) or the Parental Kidnapping Prevention Act (PKPA). 78 ALR4th 1028.**

    **Significant connection jurisdiction of court under sec. 3(a) (2) of the Uniform Child Custody Jurisdiction Act (UCCJA) and the Parental Kidnapping Prevention Act (PKPA), 28 USCS sec. 1738A(c)(2)(B). 5 ALR5th 550.**

    **Home state jurisdiction of court under sec. 3(a)(1) of the Uniform Child Custody Jurisdiction Act (UCCJA) or the Parental Kidnapping Prevention Act (PKPA), 28 USCS sec. 1738A(c)(2)(A). 6 ALR5th 1.**

2. **Divorce and Separation § 513 (NCI4th)— Kentucky as child's home state—continuing jurisdiction—no jurisdiction in North Carolina**

    The trial court acted properly by declining to assume jurisdiction to adjudicate custody issues regarding the parties' older child, since the child had lived with his parents in Kentucky for at least six consecutive months and Kentucky was his "home state"; Kentucky properly assumed jurisdiction when it entered its initial

order; Kentucky had continuing jurisdiction to adjudicate child custody issues with respect to that child, and North Carolina could not modify the Kentucky order as long as plaintiff father continued to reside there or unless Kentucky declined to exercise its jurisdiction; and there was no indication that Kentucky declined to exercise its jurisdiction. N.C.G.S. § 50A-14(a).

**Am Jur 2d, Divorce and Separation §§ 963, 964, 1004, 1143-1147.**

**Child custody: when does state that issued previous custody determination have continuing jurisdiction under Uniform Child Custody Jurisdiction Act (UCCJA) or Parental Kidnapping Prevention Act (PKPA), 28 USCS sec. 1738A. 83 ALR4th 742.**

**Significant connection jurisdiction of court under sec. 3(a)(2) of the Uniform Child Custody Jurisdiction Act (UCCJA) and the Parental Kidnapping Prevention Act (PKPA), 28 USCS sec. 1738A(c)(2)(B). 5 ALR5th 550.**

**Pending proceeding in another state as ground for declining jurisdiction under sec. 6(a) of the Uniform Child Custody Jurisdiction Act (UCCJA) or the Parental Kidnapping Prevention Act (PKPA), 28 USCS sec. 1738A(g). 20 ALR5th 700.**

Appeal by defendant from order entered 26 June 1995 by Judge Wendy Enochs in Guilford County District Court. Heard in the Court of Appeals 6 June 1996.

*The Law Offices of William B. Mills, by Richard J. McCain and John A. Hauser, for plaintiff-appellee.*

*Karen K. Fisher and James C. Lee for defendant-appellant.*

WALKER, Judge.

The parties were married on 13 August 1990 and had two children, Kyle Andrew Beck, born 29 October 1991, and Tyler Aaron Beck, born 6 October 1993. The parties moved to Kentucky in September 1992. On 30 September 1993, defendant moved to North Carolina with her son, Kyle. On 11 January 1994, the parties entered into a separation agreement which granted plaintiff "reasonable and liberal visitation" with the children but did not provide a schedule for

such visitation. A divorce decree was entered in Kentucky incorporating the parties' separation agreement on 31 March 1994.

Following incorporation of the parties' agreement, the plaintiff was unable to schedule visitation with his children. Therefore, plaintiff made a motion to modify the custody order to include a specific schedule for visitation. On 7 February 1995, an order was entered granting plaintiff specific times for visitation, including one week in the spring. Thereafter, defendant continued to deny plaintiff visitation with their children and filed this action in Guilford County District Court to change jurisdiction and modify the Kentucky order. Pursuant to this action, defendant raised for the first time the issue of plaintiff's fitness.

The trial court made the following relevant conclusions:

<u>Conclusions of Law</u>

(1) The Hardin County District Court for Hardin County Kentucky has jurisdiction over the parties and subject matter of this action.

(2) It would be improper for this court, in this circumstance, to assume jurisdiction to adjudicate issues of child custody, visitation, and support when the State of Kentucky has properly done so. . . .

From the trial court's order declining to assume jurisdiction and dismissing her motion to modify custody, defendant appeals.

The issue of a state's jurisdiction over child custody matters is governed by the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A (1980), and the Uniform Child Custody Jurisdiction Act (UCCJA), N.C. Gen. Stat. § 50A (1989). *See* K.R.S. 403.400-.620 (1980). "The PKPA establishes national policy in the area of custody jurisdiction." *Gasser v. Sperry*, 93 N.C. App. 72, 74, 376 S.E.2d 478, 480 (1989). To the extent that any state custody statute conflicts with the PKPA, the federal act controls. *Id.*

On appeal defendant contends the trial court erred by finding that Kentucky properly assumed jurisdiction. Under the UCCJA, a state has jurisdiction to enter an initial or modified custody decree if:

(1) This State (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six months before commencement of the proceeding

and the child is absent from this State because of the child's removal or retention by a person claiming the child's custody or for other reasons, and a parent or person acting as parent continues to live in this State; or

(2) It is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and the child's parents, or the child and at least one contestant, have a significant connection with this State, and (ii) there is available in this State substantial evidence relevant to the child's present or future care, protection, training, and personal relationships; or

(3) The child is physically present in this State and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

(4) (i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this State is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.

N.C. Gen. Stat. § 50A-3 (1989); *See* K.R.S. 403.420 (1980).

The PKPA provides substantially the same jurisdictional prerequisites as the UCCJA. Similarly, the PKPA allows a state to assume jurisdiction to determine custody issues if such state is the child's "home state." 28 U.S.C. § 1738A (c)(2)(A). However, unlike the UCCJA, the PKPA prohibits states from assuming jurisdiction under the "best interest" or "significant connection" factor unless no state is the "home state." 28 U.S.C. § 1738A (c)(2)(B). The PKPA defines "home state" as:

the State in which, immediately preceding the time involved, the child lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old, the State in which the child lived from birth with any of such persons. . . .

28 U.S.C. § 1738A (b)(4). This definition is substantially similar to "home state" as defined by the UCCJA. N.C. Gen. Stat. § 50A-2(5); *See* K.R.S. 403.410(5) (1980).

**[1]** When plaintiff filed his divorce petition on 3 November 1993 requesting that Kentucky enter an order incorporating the parties' separation agreement, Tyler was less than six months old. Both the UCCJA and the PKPA provide that where a child is less than six months of age, the "home state" is the state in which the child lived from birth with any such persons. Since Tyler was born and resided here with his mother, North Carolina is the "home state." As such, Kentucky may not use the "best interest" or "significant connection" factor as a basis for assuming jurisdiction. Thus, Kentucky did not have jurisdiction to enter the initial custody decree with respect to Tyler and the parties are therefore not bound by it. *See* K.R.S. 403.510 (1980) (custody decrees bind parties only if Kentucky "had jurisdiction"). Accordingly, North Carolina is the "home state" of Tyler and the trial court erred in refusing to assume this jurisdiction.

**[2]** We next consider whether Kentucky properly assumed jurisdiction of the parties' oldest son, Kyle. The plaintiff filed his divorce petition and requested that the parties' separation agreement be incorporated on 3 November 1993. Prior to the commencement of the proceeding, Kyle had not lived in North Carolina for at least six consecutive months. Rather, Kyle lived with his parents in Kentucky from September 1992 until 23 September 1993, thereby making Kentucky his "home state." Accordingly, Kentucky properly assumed jurisdiction when it entered its initial order. As such, North Carolina must recognize and enforce Kentucky's order unless this State has the authority to modify said order. N.C. Gen. Stat. § 50A-13 (1989).

Modification of another state's custody decree is governed by N.C. Gen. Stat. § 50A-14(a) (1989) which provides:

(a) If a court of another state had made a custody decree, a court of this State shall not modify that decree unless (1) it appears to the court of this State that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this Chapter or has declined to assume jurisdiction to modify the decree and (2) the court of this State has jurisdiction.

Defendant contends that the trial court erred in concluding that Kentucky has continuing jurisdiction to adjudicate matters of child custody.

The PKPA provides that "[t]he jurisdiction of a court of a State which has made a child custody determination consistently with the

provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant." 28 U.S.C. § 1738A (d) (1980). Subsection (c)(1) requires that "such court has jurisdiction under the law of such State." Since Kentucky would have jurisdiction of Kyle under the UCCJA, that state has continuing jurisdiction to adjudicate child custody issues with respect to Kyle, and North Carolina may not modify the Kentucky order as long as the father continues to reside in Kentucky. N.C. Gen. Stat. § 50A-14(a) (modification of custody decrees); *See Wilson v. Wilson*, 121 N.C. App. 292, 298, 465 S.E.2d 44, 47 (1996) (Judge Greene concurring) (continuing jurisdiction exists in the state entering initial order only if, at the time of the modification request, either parent or contestant remains in the state issuing the initial custody decree).

We note that should Kentucky decline to exercise its jurisdiction to adjudicate custody issues with respect to Kyle, North Carolina could subsequently assert its jurisdiction as the "home state" and modify the Kentucky order pursuant to N.C. Gen. Stat. § 50A-14(a). In determining whether to decline jurisdiction, Kentucky "may communicate with a court of . . . [this State] and exchange information pertinent to the assumption of jurisdiction by either court with a view to assuring that jurisdiction will be exercised by the more appropriate court and that a forum will be available to the parties." N.C. Gen. Stat. § 50A-7(d) (1989); *See* K.R.S. 403.460(4) (1980). However, there is nothing in the record to indicate that Kentucky declined to exercise its jurisdiction.

Accordingly, we find that the court acted properly by declining to assume jurisdiction to adjudicate custody issues regarding Kyle. However, for the reasons stated above, we reverse the court's order in part and remand to the Guilford County District Court the issue of custody with respect to the parties' youngest son, Tyler.

Affirmed in part, reversed in part and remanded.

Judges GREENE and MARTIN, JOHN C. concur.