MARQUES COLE JONES v. NIAH DRAKE WHIMPER

No. COA11-689

(Filed 7 February 2012)

**Child Custody and Support—venue—contemporaneous lawsuits—New Jersey home state**

The trial court did not err in a child custody and support action by declining to exercise jurisdiction over plaintiff's motion for emergency custody and his complaint for custody of his minor child. At the time the child custody proceeding was instituted by plaintiff in New Jersey, New Jersey was the child's home state. The trial court was required to dismiss plaintiff's action pursuant to N.C.G.S. § 50A-206(b).

Appeal by plaintiff from order entered 21 February 2011 by Judge P. Gwynett Hilburn in Pitt County District Court. Heard in the Court of Appeals 15 November 2011.

———————————

*Bishop & Smith, PLLC, by Keith A. Bishop, for plaintiff appellant.*

*W. Gregory Duke for defendant appellee.*

McCULLOUGH, Judge.

Marques Cole Jones ("plaintiff") appeals from the trial court's order declining to exercise jurisdiction over plaintiff's motion for emergency custody and his complaint for custody of his minor child. We affirm.

## I.  Background

Plaintiff is the biological father of the minor child Z.J. Niah Drake Whimper ("defendant") is the biological mother of Z.J. Z.J. was born in Greenville, Pitt County, North Carolina, on 23 December 2004. From the record, it appears the minor child resided with defendant in both Greenville and Havelock, North Carolina, following the child's birth. On 29 September 2006, defendant married Guy Whimper, Jr. ("Whimper").

On 22 December 2006, defendant filed a child custody complaint in Pitt County District Court seeking primary physical custody of Z.J. Plaintiff and defendant participated in court-ordered mediation but were unable to reach a mediated parenting agreement. Thereafter, in July 2007, defendant filed a voluntary dismissal of her pending North Carolina child custody action. Defendant then relocated to the State of New Jersey with the minor child and Whimper in August 2007.

On 4 May 2009, Whimper filed a verified complaint for adoption of Z.J. in the Superior Court of New Jersey. On 1 September 2009, defendant filed her consent to the adoption of Z.J. by Whimper. On 12 November 2009, Judge Margaret M. Foti ("Judge Foti"), presiding judge over the matter in New Jersey, entered an order preserving the custodial *status quo* until the matter could be heard.

On 8 December 2009, plaintiff filed a civil action complaint in the Superior Court of New Jersey seeking child custody and support and reasonable parenting time. On 13 January 2010, Judge Foti entered a civil action order in the Superior Court of New Jersey consolidating Whimper's adoption action and plaintiff's custody action and setting a hearing date for 20 September 2010. The record shows that defendant and Whimper moved back to North Carolina with the minor child, this time to Charlotte, in August 2010.

On 9 November 2010, plaintiff filed notice to dismiss the proceedings in the Superior Court of New Jersey on *forum non conveniens* grounds. On 15 November 2010, Judge Foti ordered that the Superior Court of New Jersey would retain jurisdiction over the matter and denied plaintiff's motion to dismiss. On the same day, plaintiff filed the present child custody action in Pitt County, North Carolina. In his complaint, plaintiff alleged that defendant's residence with the minor child in the State of New Jersey was temporary in nature and that the home state of both defendant and the minor child remained North Carolina. However, plaintiff's complaint acknowledged that he was a party to Whimper's adoption action, which was still pending in New Jersey at the time defendant filed the present complaint. On 23 November 2010, Judge Foti sent written notification of the pending proceedings in New Jersey Superior Court to Judge Hilburn, the presiding judge in plaintiff's current action in Pitt County District Court. In her letter, Judge Foti indicated that she had denied plaintiff's motion to dismiss the pending child custody matters in New Jersey, which had asserted *forum non conveniens* grounds. Judge Foti also indicated in her letter to Judge Hilburn that plaintiff had filed a child custody action in New Jersey on 8 December 2009 which had been consolidated for trial in New Jersey and that "[t]he subject minor lived with his mother and step-father in New Jersey at the time these actions were filed."

On 1 December 2010, Judge Hilburn ordered that jurisdiction over all matters concerning Z.J. shall be in the State of New Jersey. However, on 10 December 2010, Judge Hilburn set aside the previous order and ordered a hearing on the jurisdiction issue. In the 10 December 2010 order, Judge Hilburn indicated that counsel for plaintiff and Judge Foti would participate by telephone regarding the jurisdiction issue. On 2 February 2011, Judge Hilburn notified Judge Foti by email of the possibility of a telephone conference between the two judges and counsel for both parties regarding the jurisdiction issue, stating that Judge Hilburn had asked "the attorneys to contact [the family court coordinator] if they feel that a telephone conference should take place between all of us regarding the jurisdiction issue. Otherwise, the issue of jurisdiction will be decided by the two [judges]." The record discloses no other communications between the two judges, nor whether any conference between the two judges and the parties took place.

On 21 February 2011, Judge Hilburn entered an order declining to exercise jurisdiction over the matters of custody and child support relating to Z.J. Plaintiff timely filed written notice of appeal from the trial court's order on 14 March 2011.

## II. Subject-matter jurisdiction: simultaneous child custody proceedings

On appeal, plaintiff argues the trial court's order declining to exercise jurisdiction in the present child custody action must be reversed for two reasons: (1) the trial court held an *ex parte* communication with the New Jersey trial judge and violated the mandatory provisions of N.C. Gen. Stat. § 50A-110 (2009); and (2) the trial court failed to provide plaintiff an opportunity to present facts and legal arguments before making its custody determination. Although plaintiff presents these arguments separately in his brief, they essentially address the same issue: What is required of a North Carolina trial court in determining jurisdiction in child custody actions when simultaneous proceedings are pending in another state?

In reviewing a question of subject matter jurisdiction, our standard of review is *de novo*. *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010). To determine jurisdiction of child custody issues, the trial court must follow the mandates of the federal Parental Kidnapping Prevention Act ("PKPA") and the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") as enacted in North Carolina. *Williams v. Williams*, 110 N.C. App. 406, 409, 430 S.E.2d 277, 280 (1993). When there are simultaneous proceedings in other states, the UCCJEA provides, with regard to jurisdiction:

> Except as otherwise provided . . . a court of this State may not exercise its jurisdiction under this Part if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state *having jurisdiction substantially in conformity with this Article*, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this State is a more convenient forum . . . .

N.C. Gen. Stat. § 50A-206(a) (2009) (emphasis added). Similarly, the PKPA provides in part:

> A court of a State shall not exercise jurisdiction in any proceeding for a custody or visitation determination commenced during the pendency of a proceeding in a court of another State where such court of that other State *is exercising jurisdiction consistently with the provisions of this section* to make a custody or visitation determination.

28 U.S.C. § 1738A(g) (2006) (emphasis added). Thus, when there is an action already pending in another state, the trial court in North Carolina must address first the threshold question of whether the other state is exercising jurisdiction in substantial conformity with jurisdictional statutes controlling in this state. *See Davis v. Davis*, 53 N.C. App. 531, 539-40, 281 S.E.2d 411, 416 (1981).

Both the PKPA and the UCCJEA " 'provide[] substantially the same jurisdictional prerequisites.' " *Potter v. Potter*, 131 N.C. App. 1, 4, 505 S.E.2d 147, 149 (1998) (alteration in original) (quoting *Beck v. Beck*, 123 N.C. App. 629, 632, 473 S.E.2d 789, 790 (1996)). Significantly, "both permit the state wherein a custody claim is filed to assume jurisdiction if that state is the home state of the affected child." *Id.*; *see* N.C. Gen. Stat. § 50A-201(a)(1) (2009) (allowing a North Carolina court to exercise jurisdiction over an initial child custody determination when "[t]his State is the home state of the child on the date of the commencement of the proceeding"); 28 U.S.C. § 1738A(c)(2) (allowing a state to exercise jurisdiction over a child custody visitation determination when "such State . . . is the home state of the child on the date of the commencement of the proceeding"). Under both statutes, a child's "home state" is the state in which a child has lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of the child custody proceeding. N.C. Gen. Stat. § 50A-102(7) (2009); 28 U.S.C. § 1738A(b)(4). Notably, priority is given to the state with home state jurisdiction. *See Chick v. Chick*, 164 N.C. App. 444, 448, 596 S.E.2d 303, 307 (2004); N.C. Gen. Stat. § 50A-206 (Official Comment) (2009) ("The problem of simultaneous proceedings is no longer a significant issue. Most of the problems have been resolved by the prioritization of home state jurisdiction under Section 201[.]").

In the present case, Judge Hilburn found as a fact that "[t]he child who is the subject of the New Jersey action and this North Carolina action resided in New Jersey, and specifically for six months immediately preceding the commencement of the New Jersey actions." This finding of fact is supported by competent evidence in the record, including plaintiff's own complaint for child custody and his sworn affidavits as to the status of the minor child. The record shows defendant relocated to New Jersey in August 2007 with the minor child, where the two resided until August 2010. While plaintiff correctly contends that the jurisdictional provisions of the UCCJEA do not apply to adoption proceedings, plaintiff filed a child custody action in the Superior Court of New Jersey on 8 December 2009. Thus, at the

time the child custody proceeding was instituted by plaintiff in New Jersey, New Jersey was the child's home state for jurisdiction purposes under both the UCCJEA and the PKPA, and therefore, Judge Hilburn properly concluded that North Carolina cannot exercise jurisdiction over the matter.

Nonetheless, plaintiff argues Judge Hilburn should have complied with the mandatory provisions of N.C. Gen. Stat. § 50A-110 before ruling on the jurisdiction issue. Under this statute, when determining the existence of subject matter jurisdiction in a child custody proceeding, a court in North Carolina "*may* communicate with a court in another state." N.C. Gen. Stat. § 50A-110(a) (2009) (emphasis added). When such discretionary communication occurs between the two courts pursuant to this statute, "[t]he court may allow the parties to participate in the communication. If the parties are not able to participate in the communication, they must be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made." *Id.* § 50A-110(b). Furthermore, a record must be made of the communication, unless the communication concerns schedules, calendars, court records, or similar matters. *Id.* § 50A-110(d).

In addition to such discretionary communication under section 50A-110, a North Carolina court is sometimes statutorily required to communicate with a foreign court concerning child custody proceedings. Relevant to this case is section 50A-206 of the UCCJEA, which provides, "If the court determines that a child-custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this Article, *the court of this State shall stay its proceeding and communicate with the court of the other state.*" N.C. Gen. Stat. § 50A-206(b) (emphasis added). "If the court of the state having jurisdiction substantially in accordance with [the UCCJEA] does not determine that the court of this State is a more appropriate forum, *the court of this State shall dismiss the proceeding.*" *Id.* (emphasis added).

Here, upon filing his motion to dismiss the pending New Jersey action on 9 November 2010, plaintiff presented extensive *forum non conveniens* arguments to Judge Foti. On 15 November 2010, Judge Foti denied plaintiff's motion to dismiss, stating in her order that she would contact the presiding judge in North Carolina "as to the jurisdiction issues." That same day, plaintiff filed the present action in North Carolina, including his same *forum non conveniens* arguments. At the request of counsel for both plaintiff and defendant,

Judge Foti informed Judge Hilburn, by way of letter dated 23 November 2010, that she had determined New Jersey was the proper state to exercise jurisdiction in the child custody matters, citing New Jersey's UCCJEA statutory provisions. Accordingly, upon making the factual determination that New Jersey was properly exercising home state jurisdiction at the time the New Jersey actions were commenced, Judge Hilburn's obligation to communicate with the New Jersey court under the mandatory provisions of N.C. Gen. Stat. § 50A-206(b) had already been fulfilled, as Judge Foti had already informed Judge Hilburn of her decision that North Carolina was not the more convenient forum. Accordingly, pursuant to N.C. Gen. Stat. § 50A-206(b), Judge Hilburn was required to dismiss plaintiff's action. Judge Hilburn's 21 February 2011 order details these events in the findings of fact, and thereafter properly concludes that North Carolina cannot exercise jurisdiction in this matter.

We emphasize that because the communication between the North Carolina and New Jersey courts at issue in the present case concerned simultaneous child custody proceedings, the provisions of N.C. Gen. Stat. § 50A-206 control. Because the record reveals no discretionary communication between the two courts actually occurred, the provisions of N.C. Gen. Stat. § 50A-110 are not implicated. Plaintiff argues that because Judge Hilburn's 21 February 2011 order indicates that the decision to decline jurisdiction in North Carolina was made "[a]fter reviewing the file, hearing arguments of counsel and reviewing correspondence from and *having telephone conferences* with the Honorable Margaret M. Foti, Superior Court of New Jersey," the record necessarily implies that Judge Hilburn held discretionary *ex parte* communications with Judge Foti without complying with section 50A-110. (Emphasis added.) However, even if Judge Hilburn did, in fact, have telephone conferences with Judge Foti regarding the jurisdiction issue, we fail to see how any such communication affected the outcome in the present case, as Judge Hilburn's findings of fact both disclose and rely on the same facts that are presented in plaintiff's present child custody complaint, Judge Foti's order denying plaintiff's motion to dismiss, and Judge Foti's letter to Judge Hilburn, which was fully produced to the parties. Further, although plaintiff argues he was given no opportunity to present facts and arguments regarding the jurisdiction issue to Judge Hilburn, plaintiff submitted to Judge Hilburn a copy of his extensive *forum non conveniens* arguments as an exhibit to his present action for child custody.

Thus, the statutory prerequisites for determining child custody jurisdiction were substantially complied with in the present case. In the 21 February 2011 order, Judge Hilburn made the requisite findings of fact and conclusions of law that New Jersey had proper home state jurisdiction at the time the New Jersey child custody action was commenced, that the New Jersey court had communicated with the North Carolina court regarding the jurisdictional issue, that New Jersey declined to find this State the more appropriate forum for the parties' custody dispute, and that North Carolina must therefore dismiss the action under the UCCJEA and the PKPA. Given these circumstances, and our *de novo* conclusion that North Carolina may not exercise jurisdiction over plaintiff's child custody matter, the trial court's order declining to exercise jurisdiction in the present case must be affirmed.

Affirmed.

Judge STEELMAN concurs.

Judge McGEE dissents with separate opinion.

McGEE, Judge, dissenting.

Because I believe the trial court failed to fully comply with N.C. Gen. Stat. §§ 50A-110 and 50A-206, I would remand.

First, I disagree with the assumption that, if the trial court's contact with the New Jersey court was mandatory as opposed to discretionary, the trial court was not required to comply with any provisions of N.C.G.S. § 50A-110, which states:

Communication between courts.

(a) A court of this State may communicate with a court in another state concerning a proceeding arising under this Article.

(b) The court may allow the parties to participate in the communication. If the parties are not able to participate in the communication, they must be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made.

(c) Communication between courts on schedules, calendars, court records, and similar matters may occur without informing the parties. A record need not be made of the communication.

.(d) Except as otherwise provided in subsection (c), a record must be made of a communication under this section. The parties must be informed promptly of the communication and granted access to the record.

(e) For the purposes of this section, "record" means information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form.

N.C.G.S. § 50A-110. Though not determinative, it is instructive that N.C.G.S. § 50A-110 falls under the section of the UCCJEA entitled "General Provisions" and N.C.G.S. § 50A-110 itself is entitled "Communication between courts[,]" not "Discretionary communication between courts." *Smith Chapel Baptist Church v. City of Durham*, 350 N.C. 805, 812, 517 S.E.2d 874, 879 (1999) ("[T]his Court has stated that the title of an act should be considered in ascertaining the intent of the legislature."). N.C.G.S. § 50A-110 is an enabling statute. As the "Official Comment" states:

This section emphasizes the role of judicial communications. It authorizes a court to communicate concerning any proceeding arising under this Act. This includes communication with foreign tribunals and tribal courts. Communication can occur in many different ways such as by telephonic conference and by on-line or other electronic communication. The Act does not preclude any method of communication and recognizes that there will be increasing use of modern communication techniques.

Communication between courts is required under Sections 204, 206, and 306 and strongly suggested in applying Section 207. Apart from those sections, there may be less need under this Act for courts to communicate concerning jurisdiction due to the prioritization of home state jurisdiction. Communication is authorized, however, whenever the court finds it would be helpful. The court may authorize the parties to participate in the communication. However, the Act does not mandate participation. Communication between courts is often difficult to schedule and participation by the parties may be impractical. Phone calls often have to be made after-hours or whenever the schedules of judges allow.

This section does require that a record be made of the conversation and that the parties have access to that record in order to be informed of the content of the conversation. The

only exception to this requirement is when the communication involves relatively inconsequential matters such as scheduling, calendars, and court records. Included within this latter type of communication would be matters of cooperation between courts under Section 112. A record includes notes or transcripts of a court reporter who listened to a conference call between the courts, an electronic recording of a telephone call, a memorandum or an electronic record of the communication between the courts, or a memorandum or an electronic record made by a court after the communication.

The second sentence of subsection (b) protects the parties against unauthorized ex parte communications. The parties' participation in the communication may amount to a hearing if there is an opportunity to present facts and jurisdictional arguments. However, absent such an opportunity, the participation of the parties should not . . . be considered a substitute for a hearing and the parties must be given an opportunity to fairly and fully present facts and arguments on the jurisdictional issue before a determination is made. This may be done through a hearing or, if appropriate, by affidavit or memorandum. The court is expected to set forth the basis for its jurisdictional decision, including any court-to-court communication which may have been a factor in the decision.

My reading of N.C. Gen. Stat. § 50A-110 and its Official Comment is that § 50A-110 applies to the entire UCCJEA. Section (a) *enables* the trial court to contact a court in another state whenever the trial court determines contact would be helpful, even if not specifically mandated by another part of the UCCJEA. I believe sections (b) through (e) apply whenever the trial court contacts a court in another state concerning matters of jurisdiction.

I do not believe the protections against unauthorized *ex parte* communications and the notice provisions of § 50A-110 apply to discretionary *ex parte* communications but do not apply when contact is mandated by statute. N.C.G.S. § 50A-110, in my opinion, clearly expresses that the intent of the General Assembly is that *ex parte* communications between courts of this State and courts of other states shall be recorded if the content of those communications is substantive. The only exception to the requirements of recordation is if the communication is not substantive. N.C.G.S. § 50A-110(c). I believe the same is true for the other provisions of N.C.G.S.

§ 50A-110, such as the requirement of notice and an opportunity to be heard, after disclosure of the content of *ex parte* communications to the parties, and before any final ruling on jurisdiction is made.

The Official Comment directly references N.C.G.S. § 50A-206, and there is nothing in the Official Comment suggesting that the safeguards included in N.C.G.S. § 50A-110 would not apply to N.C.G.S. §§ 204, 206, and 306. N.C.G.S. § 50A-206 does not conflict with N.C.G.S. § 50A-110; nor does it indicate that the "General Provisions" of the UCCJEA (N.C.G.S. §§ 101 to 112) do not apply to the provisions of the UCCJEA falling under the "Jurisdiction" heading (N.C.G.S. §§ 201 to 210).

Second, N.C.G.S. § 50A-206(b) states:

> Except as otherwise provided in G.S. 50A-204, a court of this State, before hearing a child-custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to G.S. 50A-209. *If the court determines that a child-custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this Article, the court of this State shall stay its proceeding and communicate with the court of the other state.* If the court of the state having jurisdiction substantially in accordance with this Article does not determine that the court of this State is a more appropriate forum, the court of this State shall dismiss the proceeding.

N.C.G.S. § 50A-206(b) (emphasis added). Even assuming N.C.G.S. § 50A-110 does not apply to all communications between courts of this State and those of other states, I believe the facts of this case require remand. Our Court addressed a similar factual situation in *Harris v. Harris*, 202 N.C. App. 584, 691 S.E.2d 133, 2010 WL 520906 (2010) (unpublished opinion). Though *Harris* is unpublished, I find the following reasoning persuasive[1]:

> Notably, communication is only required under G.S. § 50A-206(b) *after* the North Carolina court has made a determination of substantial compliance with the UCCJEA. Thus, either (1) the North Carolina court was communicating with the [other state] court after making a determination that the [other state] court

---

1. I note that the wording of the *Harris* opinion also suggests that the requirements of N.C.G.S. § 50A-110 might not apply to mandatory communications pursuant to N.C.G.S. § 50A-206. I do not agree with this distinction.

had proper subject-matter jurisdiction via substantial compliance with the UCCJEA, or (2) the communication was discretionary, in which case a record of the communication was plainly statutorily required [pursuant to N.C.G.S. § 50A-110].

*Harris*, 2010 WL 520906 at *2 (citation omitted). In the present case, the majority reasons:

Because the record reveals no discretionary communication between the two courts actually occurred, the provisions of N.C. Gen. Stat. § 50A-110 are not implicated. Plaintiff argues that because Judge Hilburn's 21 February 2011 order indicates that the decision to decline jurisdiction in North Carolina was made "[a]fter reviewing the file, hearing arguments of counsel and reviewing correspondence from and *having telephone conferences* with the Honorable Margaret M. Foti, Superior Court of New Jersey," the record necessarily implies that Judge Hilburn held discretionary ex parte communications with Judge Foti without complying with section 50A-110. (Emphasis added.)

I disagree that "the record reveals no discretionary communication between the two courts actually occurred[.]" Judge Hilburn entered an order on 1 December 2010 in which she included the statement: "it appearing to the Court after having a conference with the presiding Judge in New Jersey that New Jersey should have jurisdiction in this matter." Judge Hilburn then set aside the 1 December 2010 order by order entered 10 December 2010, in which she stated that "a hearing shall take place on the jurisdiction issue on January 7, 2011 at 9:30 a.m. at which time counsel for the Plaintiff and the presiding New Jersey Judge shall be allowed to participate by telephone regarding the jurisdiction issue." Judge Hilburn entered the final order in this matter on 21 February 2011, which stated in part: "After reviewing the file, hearing arguments of counsel and reviewing correspondence from and having telephone conferences with the Honorable Margaret M. Foti, Superior Court of New Jersey, Hudson County, the Court declines to exercise jurisdiction in this cause[.]"

The record does not indicate when the trial court determined "that a child-custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with [the UCCJEA]." N.C.G.S. § 50A-206(b). It can be inferred that the trial court made this determination by the time it signed the 21 February 2011 order, but any inference beyond that is speculation. The 1

December 2010 order that was set aside indicates only that Judge Hilburn had communicated with the judge in New Jersey and that New Jersey should have jurisdiction. As in *Harris,*

> nothing in the record on appeal indicates that the North Carolina court made a determination of substantial compliance with the jurisdictional requirements of the UCCJEA. Indeed, there is no indication that the trial court considered anything other than its *ex parte* conversation prior to issuing the order. . . . It would undermine the express purpose of the UCCJEA, which seeks to ensure that "a custody decree is rendered in that State which can best decide the case in the interest of the child," if the court in this matter were permitted to decline jurisdiction without any explanation of its actions. *See* N.C. Gen. Stat. § 50A-101 (Official Comment) (2009). . . .
>
> Since there is no indication that the trial court made the factual determination necessary to trigger required communication [pursuant to N.C.G.S. § 50A-206], we view the communication between the courts as discretionary. As such, G.S. 50A-110(c) (2009) controls. Consequently, a record of the communication was required to be made and provided to the parties so that they may be "given an opportunity to fairly and fully present facts and arguments on the jurisdictional issue before a determination is made." N.C. Gen. Stat. § 50A-110 (Official Comment) (2009).

*Harris,* 2010 WL 520906 at *3. The record before us provides no guidance on the issue of whether the trial court's communications with the New Jersey court were discretionary pursuant to N.C.G.S. § 50A-110, mandatory pursuant to N.C.G.S. § 50A-206 (or some other statute), or both. The UCCJEA determines whether North Carolina has jurisdiction in matters such as the one before this Court. I do not assume the existence of jurisdictional facts and do not apply a prejudice analysis to an issue of jurisdiction. A court of this State cannot exercise jurisdiction over a child custody matter unless authorized by the UCCJEA. *See* N.C. Gen. Stat. § 50A-201 (2011) ("a court of this State has jurisdiction to make an initial child-custody determination only if" certain criteria are met; this section provides "the exclusive jurisdictional basis for making a child-custody determination by a court of this State"); *see also* N.C.G.S. § 50A-206(a) ("a court of this State may not exercise its jurisdiction under this Part if, at the time of the commencement of the proceeding, a proceeding concerning

the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this Article" unless that proceeding has been terminated or the other state determines North Carolina is a more convenient forum).

Lastly, the majority contends "substantial compliance" with the dictates of the UCCJEA is all that is required to confer jurisdiction. I disagree.

A North Carolina court either has jurisdiction under the UCCJEA or it is without jurisdiction. N.C.G.S. § 50A-206 states: "If the court determines that a child-custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with [the UCCJEA], the court of this State shall stay its proceeding and communicate with the court of the other state." It appears it is from this language that the majority holds that only "substantial compliance" with the UCCJEA is required in order for a court of this State to exercise jurisdiction, but this language does not support the position of the majority. I find nothing in the UCCJEA supporting the position of the majority. North Carolina courts must fully comply with the provisions of the UCCJEA when making determinations concerning jurisdiction, and I would remand to the trial court for further action in accordance with the dictates of the UCCJEA.